Mary S. COOPER and Agnes S. ADAMS *v.*
TOSCO CORPORATION, LION OIL DIVISION et al

81-31                                          613 S.W. 2d 831

Supreme Court of Arkansas
Opinion delivered April 13, 1981

*Brown, Compton & Prewett, Ltd.,* by: *William I. Prewett,* for appellants.

*Crumpler, O'Connor & Wynne,* for appellees.

DARRELL HICKMAN, Justice. This is an appeal from a summary judgment granted by the chancellor who found no disputed issue of fact concerning the ownership of the land in question. Tosco is an interpleader that owes oil royalties to the true owner of the land.

Cooper and a co-appellant, Adams, claim title to the Arkansas land under a will executed by Thomas Rowland who died in Louisiana in 1966. Rowland's will was probated in Louisiana in 1968, but was not offered for probate in Arkansas until May 22, 1979, over ten years later. Without the will the land would have passed to Rowland's only child who has since died leaving a daughter, Edith Kavanaugh.

Several weeks before the Louisiana will was offered for probate in Arkansas, Kavanaugh transferred the oil, gas, and mineral interests to her aunt, Fahy Rowland, by deed. Arkansas law provides that a will must be offered for probate in Arkansas within five years of the testator's death. However, the statute permits a foreign will to be probated in an Arkansas court even after the lapse of the five year period *unless* there has been a "purchase" of the land in the

meantime. Such a purchase cuts off all rights of any person attempting to probate a foreign will after the running of the five-year statute of limitations. Fahy Rowland's "purchase" occurred before the will was offered in Arkansas. The chancellor held there was no genuine fact dispute since the deed foreclosed the issue of "purchase."

Cooper and Adams argue on appeal that a genuine issue of fact exists as to whether the conveyance from Kavanaugh to Rowland was a true purchase. They allege that Kavanaugh knew of the will and that the deed was not issued for valuable consideration. There is no allegation of fraud. The appellants ask this court to find that the statute means that the purchaser has to be a bona fide purchaser for value without notice, rather than one who may not so qualify. The pertinent portions of the statute read as follows:

> No will shall be admitted to probate and no administration shall be granted unless application is made to the court for the same within five (5) years from the death of the decedent; subject only to the exceptions hereunder stated. ...
>
> (b) In so far only as it relates to real property in Arkansas, or any interest in such property, the will of a nonresident which has been admitted to probate in another appropriate jurisdiction may be admitted to probate in this State without regard to the time limit imposed by this section; provided that rights and interests in such real property which, after the death of the testator, have been acquired (if it be assumed that he died intestate) by purchase, as evidenced by one [1] or more appropriate instruments which have been properly recorded in the office of the recorder of the county in which the real property is situated and which would be valid and effective had the decedent died intestate, shall not be adversely affected by the probate of such will in this State under the expiration of the time limit imposed by the first paragraph of this section.

Ark. Stat. Ann. § 62-2125 (Repl. 1971).

There are no restrictions, such as "in good faith" or

"without notice," attached to the word "purchase" in the statute. In fact, prior to the addition of section (b) in 1963, the act made no exception to the period of limitations, even for the will of a nonresident that had been admitted to probate in a foreign jurisdiction. The addition of section (b) gave a second chance to those person who failed to file in Arkansas within the five year period, but only if there had been no properly recorded purchaser prior to the tardy offering of the will.

The term "bona fide purchaser without notice" is commonly used in sales. However, Ark. Stat. Ann. § 62-2125(b) refers to real property and applies the word "purchase" as it is used in the old adage: "Property either passes by descent or by purchase." We find that such unrestricted use of "purchase" comes within the definition of that word in *Black's Law Dictionary* 1110 (5th ed. 1979), which is: "Purchase ... generally means the acquisition of real estate by any means whatever except by descent."

The mineral deeds conveying the rights of Edith Kavanaugh to Fahy Rowland were executed, delivered, and recorded prior to the admission of the will of Thomas Claude Rowland to probate in Arkansas. That satisfies the "purchase" requirements of the statute. We agree with the chancellor that "bona fide purchaser for value without notice" cannot be added to the statute. Since the appellants have failed to show that there was the genuine issue as to a material fact, the summary judgment is affirmed. *Hughes Western World* v. *Westmoor Mfg. Co.,* 269 Ark. 300, 601 S.W. 2d 826 (1980).

Affirmed.