Vincent Ronald VAIRO *v.* Marbea L. VAIRO

CA 88-317                                          769 S.W.2d 423

Court of Appeals of Arkansas
Division I
Opinion delivered May 3, 1989
[Rehearing denied June 7, 1989.]

*Law Office of Victoria Ann King, P.C.*, by: *Victoria Ann King*; and *Barron & Barron, P.A.*, by: *Thomas L. Barron*, for appellant.

*John C. Aldworth*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Searcy County Chancery Court. Appellant, Vincent Ronald Vairo, appeals from the decree of divorce entered April 11, 1988 granting custody of the parties' minor child to appellee, Marbea L. Vairo. We dismiss.

The parties were married on June 25, 1983 in Arizona and continued to live in Arizona until they separated on October 13, 1987. Appellee and the parties' minor child moved to Marshall, Arkansas, where several members of her family live. Appellant remained in Arizona. Sixty days after her arrival, appellee filed for divorce in Searcy County and sought, among other things, custody of the child. Appellant entered two special appearances to challenge the court's jurisdiction to decide the custody issue. Following a hearing on the court's jurisdiction, at which both parties testified, the court held that due to an emergency situation of actual and threatened abuse, jurisdiction was proper pursuant to the Uniform Child Custody Jurisdiction Act. The chancellor granted temporary custody in favor of appellee by order dated February 29, 1988. A decree of divorce was granted in favor of appellee on April 11, 1988 which stated that custody of the child was to remain with appellee pending further orders of the court. Appellant appeals only from that portion of the divorce decree which awarded appellee custody of the child.

For reversal, appellant argues:

I.

THE HONORABLE ANDRE E. MCNEIL ERRED IN HIS FINDING THAT THE CHANCERY COURT OF SEARCY COUNTY HAD SUBJECT MATTER JURISDICTION OVER THE ISSUE RELATING TO CUSTODY OF THE PARTIES' MINOR CHILD BASED UPON THE EMERGENCY PROVISIONS CONTAINED IN THE UNIFORM CHILD CUSTODY JURISDICTION ACT AND THE ARKANSAS ADOPTION THEREOF.

II.

THE DEFENDANT WAS DENIED PROCEDURAL DUE PROCESS BY THE ADMISSION OF EVIDENCE RELATING TO THE ISSUE OF EMERGENCY WHEN THERE HAD BEEN NO JURISDICTIONAL ALLEGATIONS OF THE EXISTENCE OF AN EMERGENCY SITUATION IN ANY OF THE APPELLEE'S PLEADINGS.

We find both issues to be moot.

The decree of divorce entered April 11, 1988, states in pertinent part:

> 3. Temporary Custody of the parties' minor child, Evan Vairo, was awarded to [appellee] on February 4, 1988. Custody shall remain in [appellee] pending further orders of this Court.

Appellant filed his notice of appeal from the decree on May 11, 1988. The abstract reflects that on August 22, 1988, the chancellor entered an order for the purpose of final disposition of all matters pertaining to custody and visitation of the minor child, which stated:

> 3. The custody of the minor child, Evan Vincent Vairo, continues with and shall finally vest in [appellee].

No notice of appeal was filed relevant to the August 22, 1988 order.

It is clear, from the series of orders by the chancellor,

that permanent custody was not vested with appellee until the final order of August 22, 1988. Although temporary custody orders are in some instances appealable despite their lack of finality, see *Sandlin* v. *Sandlin*, 290 Ark. 366, 719 S.W.2d 433 (1986); *Chancellor* v. *Chancellor*, 282 Ark. 227, 667 S.W.2d 950 (1984); *Pope* v. *Pope*, 239 Ark. 352, 389 S.W.2d 425 (1965), a temporary order is terminated upon entry of a subsequent permanent order. *See Trammell* v. *Isom*, 25 Ark. App. 76, 753 S.W.2d 281 (1988). Thus, appellant appeals from an order which was terminated and is no longer in effect. Because appellant did not appeal from the award of permanent custody, the permanent award will be unaffected by any decision rendered with regard to the temporary custody provision in the decree. It has long been established that the policy of this court is not to decide cases which, by reason of intervening facts, are of no practical application. *See Kirk* v. *North Little Rock Special School Dist.*, 174 Ark. 943, 298 S.W. 212 (1927). It is the duty of the courts to decide actual controversies which can be carried into effect, but not to give opinions upon controversies or declare principles of law which cannot be executed or which cannot have any practical effect in settling the rights under the decree rendered. *Id.* The rights of the parties in the present litigation have been settled by the final award of custody from which neither party appealed, and a decision on the merits of the temporary award would have no practical effect on the rights of the parties.

Appeal dismissed.

CRACRAFT and COOPER, JJ., agree.