2013 Ark.App. 147

**Whitney Leone WINN, Appellant**

v.

**Arline BONDS and Danny Bonds, Appellees.**

**No. CA 11–1250.**

Court of Appeals of Arkansas.

Feb. 27, 2013.

26. *Winn v. Winn Enters., Ltd. P'ship,* 100 Ark. App. 134, 141, 265 S.W.3d 125, 129 (2007) (citing *Killian v. Hill,* 32 Ark.App. 25, 795 S.W.2d 369 (1990)).

27. *Id.*

28. *Cole,* 89 Ark.App. at 141, 201 S.W.3d at 25 (citing *W. Union Tel. Co. v. Byrd,* 197 Ark. 152, 122 S.W.2d 569 (1938)).

Gregory Ferguson, North Little Rock, for appellant.

Wwagoner Law Firm, Little Rock, by: Jack Wagoner III; and Taylor & Taylor Law Firm, P.A., by: Tasha C. Taylor, Little Rock and Andrew M. Taylor, for appellees.

KENNETH S. HIXSON, Judge.

This is a child custody case involving a minor child, S.E., who was born on June 23, 2007. The child's mother is appellant Whitney Winn, and her father is Jesse Epperson. Whitney and Jesse were married on August 2, 2007, and divorced on August 23, 2010. Two days after their divorce, Whitney married her current husband. The appellees are Arline Bonds and Danny Bonds. Arline is Whitney's former stepgrandmother, and Danny is Arline's current husband. Whitney appeals from a temporary order entered by the Pulaski County Circuit Court on April 15, 2011, and an amended order entered on September 12, 2011, wherein Arline was awarded custody of S.E., and Whitney was granted visitation.[1]

---

1. For purposes of simplification the appellant, Whitney Winn, is referred to herein as "Whitney"; the appellees, Arline Bonds and Danny Bonds, are referred to herein as "Arline"; and the minor child, S.E., is referred to herein as "S.E."

In this appeal, Whitney raises two arguments. First, she argues that the trial court erred in allowing Arline to intervene in the Pulaski County proceedings. Next, she contends that the trial court erred in awarding Arline temporary custody of S.E. pending the custody hearing that resulted in the final custody order. We affirm.

This appeal involves complicated facts and procedural history. S.E. was born on June 23, 2007. The parents, Whitney and Jesse Epperson, were married on August 2, 2007. By February 2010, Whitney and Jesse were separated. S.E. was approximately two and a half years of age. Whitney was having financial problems and turned over custody of S.E. to Arline, who lived in Van Buren County. On July 28, 2010, shortly before Whitney's divorce, Arline filed a Petition for Temporary Guardianship for the minor child in the Van Buren County Circuit Court. The Van Buren County Circuit Court entered a 90–day ex parte order appointing Arline temporary guardian of S.E. Whitney was divorced on August 23, 2010, in Pulaski County. Within the 90–day temporary-guardian period, a hearing was scheduled for the Petition for Temporary Guardianship in Van Buren County Circuit Court. The hearing was held on September 20, 2010. Arline appeared at the hearing but Whitney did not, having filed an answer. The Van Buren County Circuit Court recognized a potential jurisdictional conflict with the Pulaski County Circuit Court wherein Whitney obtained her divorce, and custody of S.E. was, at least, mentioned. The Van Buren County Circuit Court entered an order continuing the existing 90–day temporary guardianship in Arline and invited either party to petition the Circuit Court of Pulaski County to determine if the Pulaski County court had asserted jurisdiction over S.E. The Van Buren County Circuit Court subsequently entered an order closing and terminating the temporary guardianship proceedings on November 5, 2010.

In the meantime, Whitney filed her complaint for divorce pro se in Pulaski County Circuit Court on August 2, 2010. Unfortunately, in her complaint and in the proposed precedent, Whitney alleged that there were no minor children born of the marriage. However, upon inquiry by the trial court during the divorce proceedings, Whitney explained that there was one child born before the marriage and that custody of the child was with Whitney's grandmother. As a result of this revelation, the trial court struck through the language in the proposed precedent, which stated "there were no children born during this marriage" and interlineated *there was one child born before marriage, S.E. Custody of the child is with the plaintiff's grandmother.*" That interlineation is the conception of much of the confusion and disagreement in this appeal. The divorce decree, with the interlineation, was entered on August 23, 2010.

On October 4, 2010, Whitney filed in Pulaski County a motion to modify or clarify the divorce decree, alleging that Arline was never a party to the divorce action and that during the divorce proceedings the minor child was merely staying with the grandmother. Whitney requested a modification or clarification granting her custody. This motion was served on Whitney's husband, Jesse Epperson, but was not served on Arline, who was not a party to the Pulaski County divorce action. Taking the lead from the Van Buren County Circuit Court, on October 21, 2010, Arline filed a motion in the Pulaski County divorce case requesting that the Pulaski County Circuit Court enter an order finding that Van Buren County Circuit Court had jurisdiction for all purposes relating to the minor child.

While the record is unclear regarding the substance of the hearing on the matter, on October 26, 2010, the Pulaski County Circuit Court determined that it did not object to the Van Buren County Circuit Court retaining jurisdiction of the minor child. This order was not filed until November 1, 2010. The record does not contain any information on when this order was filed or forwarded to the Van Buren County Circuit Clerk, if at all. On November 5, 2010, unaware that the Pulaski County Circuit Clerk had no objection to its jurisdiction, the Van Buren County Circuit Court entered an order closing and terminating the temporary guardianship at the close of the 90–day period, thus divesting Van Buren County Circuit Court of any jurisdiction.

On November 5, 2010, the day the temporary guardianship in Van Buren County was terminated, Whitney picked up S.E. from Arline and returned to Little Rock. On November 16, 2010, Arline contacted the LRPD to recover S.E. from Whitney. Pursuant to the "interlineation" language of the original divorce decree which stated "custody was with grandmother," the LRPD assisted Arline, and S.E. was returned to Arline. Three days later, on November 19, 2010, Whitney asked for an immediate emergency temporary guardianship hearing pending the final hearing in Pulaski County.

On November 24, 2010, Arline (who was still not a party to the Pulaski County divorce action) responded to Whitney's motion for emergency hearing, noting the interlineated language in the divorce decree that custody of the child was with her. Arline asked that Whitney's motion for emergency hearing be dismissed, and Arline asserted that she was uncomfortable with S.E. being removed by Whitney from her home on an unsupervised basis at that time.

A hearing was held in Pulaski County Circuit Court on December 20, 2010. The trial court announced that the case was set for a custody hearing, but that due to a thirty-minute time constraint it would decide only the issue of emergency custody. Over Whitney's objection, the trial court granted Arline's oral motion to intervene in the case.

In summary, Whitney testified that she lived in Little Rock with her husband, who was in the Air Force. Whitney believed that it was in S.E.'s best interest to be returned to her custody, and she requested an immediate order to that effect. Arline testified that it was in the best interest of the child to remain with her.

At the conclusion of the hearing, the trial court found that an emergency did not exist and denied Whitney's motion for temporary guardianship and left the "custody" of the minor child with Arline pending the hearing on final custody. The corresponding order was not entered until April 15, 2011. The order states that Arline, as current custodian of the child, was permitted to intervene in the matter; that Whitney was allowed visitation; and that Whitney failed to demonstrate that any emergency existed to justify emergency relief. A custody hearing was subsequently scheduled and held on July 8 and 11, 2011.

The testimony from the July 2011 custody hearing was not designated as part of the record on appeal. However, appellant's partial designation included selected comments from the trial court at the hearing. The trial court stated that its original divorce decree entered on August 23, 2010, did not constitute an award of custody, and that it was treating the current hearing as an initial custody determination.

The trial court entered an order on August 19, 2011, and a similar amended order on September 12, 2011. In the amended order, the trial court granted custody of S.E. to Arline. The trial court awarded specific visitation to Whitney, and noted that the parties had the right to petition for a review of custody one year from the date of the hearing.

■ In this appeal, Whitney first argues that the trial court erred in allowing Arline to intervene in the Pulaski County divorce action. Whitney concedes that Arline stood in *loco parentis* to S.E. at one time, but maintains that this relationship ended after the Van Buren County guardianship was terminated on November 5, 2010. Whitney submits that the only remedy available to Arline would have been to seek a permanent guardianship in the Van Buren County proceedings before that case closed. Whitney submits that Arline had unclean hands, is a stranger to the child, and lacked standing to intervene in the divorce action. Moreover, appellant asserts that because no written motion to intervene was filed, there was a lack of compliance with Ark. R. Civ. P. 24(c), which provides in relevant part:

(c) *Procedure.* A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefore and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

We review a trial court's decision permitting a party to intervene for an abuse of discretion. *Bradford v. Bradford,* 52 Ark.App. 81, 915 S.W.2d 723 (1996). Under the circumstances presented in this case, we hold that the trial court did not abuse its discretion in allowing Arline to intervene.

Our appellate courts have held that, in proceedings involving minor children, persons who stood in *loco parentis* to the children may have standing to intervene. *See Robinson v. Ford–Robinson,* 362 Ark. 232, 208 S.W.3d 140 (2005); *Pippinger v. Benson,* 2011 Ark. App. 442, 384 S.W.3d 614. In the present case, not only did Arline stand in *loco parentis* to S.E., but she also had physical custody of S.E. at the time of the divorce and at the time she was permitted to intervene. Arline's physical custody originated at Whitney's request ten months before the December 20, 2010 hearing, she was subsequently awarded a temporary guardianship in Van Buren County Circuit Court, and her custody of S.E. was also documented in the Pulaski County divorce decree.

■ In *loco parentis* refers to a person who has fully put herself in the situation of a lawful parent by assuming all the obligations incident to the parental relationship and who actually discharges those obligations. *Daniel v. Spivey,* 2012 Ark. 39, 386 S.W.3d 424. In making a determination as to whether a nonparent stands in *loco parentis,* courts consider the totality of the circumstances and do not lightly infer the intent of the person seeking to be considered as standing in *loco parentis. Id.* While the length of time a person spends with a child is not determinative, it is a significant factor in considering whether that person intended to assume parental obligations or has performed parental duties. *Id.* With these considerations in mind, we conclude that Arline's custody of, and close relationship with, S.E. was sufficient indicia upon which to confer standing to intervene in the case.

Nor do we agree with appellant's argument that the lack of a written motion defeated Arline's intervention. In response to appellant's argument that there had been noncompliance with Rule 24(c), the trial court allowed the pleadings to

conform to the proof and permitted Arline to intervene and dispute custody. In *Bradford, supra,* we said that although Rule 24(c) requires a party seeking intervention to state in a separate pleading the claim or defense to be advanced, when there is no surprise or substantial prejudice, the court can, and often does, treat the pleadings as amended to conform to the proof. In this case, it was clear from her written response to Whitney's motion for an emergency hearing that Arline was seeking to intervene for the purpose of retaining custody of S.E. The absence of a separate written motion resulted in no surprise or prejudice to Whitney, and the trial court properly exercised its discretion in granting Arline's oral motion to intervene.

■ Whitney's remaining argument is that the trial court erred in granting temporary custody of S.E. to Arline on December 20, 2010, pending what was later described as "the initial custody hearing" to be held in July 2011. She cites *Troxel v. Granville,* 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), where the Supreme Court held that the Due Process Clause of the Fourteenth Amendment protects the fundamental rights of parents to make decisions concerning the care, custody, and control of their children. Appellant also relies on *Linder v. Linder,* 348 Ark. 322, 72 S.W.3d 841 (2002), which held that a fit parent is given a presumption that she is acting in her child's best interests. In *Camp v. McNair,* 93 Ark.App. 190, 217 S.W.3d 155 (2005), this court explained that substantive law prefers a parent over a grandparent or other third persons unless the parent is incompetent or unfit.

Whitney asserts that she is a fit parent and correctly notes that the trial court did not find otherwise. She further submits that none of her actions or inactions rose to the level of manifest indifference to the welfare of the child. *See Dunham v. Doyle,* 84 Ark.App. 36, 129 S.W.3d 304 (2003). Whitney contends that she was acting in S.E.'s best interest when she sought emergency temporary custody at the December 20, 2010 hearing and should have then been given the natural-parent preference, and she assigns error to the trial court's decision to instead give temporary custody to Arline.

We conclude that any error in the temporary order arising from the December 20, 2010 hearing is now moot. The trial court made it clear at the temporary hearing that it was only deciding whether emergency custody would be placed with Whitney, and that a final custody hearing would come later. A subsequent two-day hearing was held, and on September 12, 2011, the trial court awarded custody to Arline. Whitney does not challenge that "final" custody termination on appeal; she challenges only the temporary custody decision.

■ In *Vairo v. Vairo,* 27 Ark.App. 231, 769 S.W.2d 423 (1989), we held that a temporary order is terminated upon entry of a subsequent permanent order. Thus, the appellant herein is challenging an order that was terminated and is no longer in effect. Whitney does not contest the final award of custody to Arline, and that award will be unaffected by any decision rendered with regard to the temporary-custody order. *See Vairo, supra.* It is the duty of the courts to decide actual controversies that can be carried into effect, but not to give opinions upon controversies that cannot be executed or cannot have any practical effect in settling the rights of the parties. *See Kirk v. North Little Rock Special Sch. Dist.,* 174 Ark. 943, 298 S.W. 212 (1927). The rights of the parties in this case were settled by the final order of custody, the provisions of which Whitney does not now contest. Any decision on the merits of the temporary-

custody order would have no practical effect. Therefore, we need not address Whitney's challenge to the temporary-custody award.

Affirmed.

HARRISON and VAUGHT, JJ., agree.