SLIP OPINION

Cite as 2014 Ark. App. 509

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-186

|  |  |
|---|---|
| RACHEL CHRISTIAN ET AL.<br>APPELLANTS | Opinion Delivered  October 1, 2014<br><br>APPEAL FROM THE VAN BUREN<br>COUNTY CIRCUIT COURT<br>[NO. CV-2009-395] |
| V. | HONORABLE MICHAEL A.<br>MAGGIO, JUDGE |
| McVESTING, LLC, ET AL.<br>APPELLEES | REVERSED AND REMANDED |

## JOHN MAUZY PITTMAN, Judge

This is an appeal after remand of *McVesting, LLC v. McGoon,* 2012 Ark. App. 541. In that case, we reversed the probate court's determination that McVesting lacked standing to petition for a determination of heirship of a one-half share of the reserved mineral rights in certain real property in Van Buren County. The question presented in the current appeal is whether the present appellants' motion to intervene as of right was erroneously denied on the ground that their interest in the property was terminated as a matter of law by a deed filed in 2009. We reverse and remand.

The property at issue had been owned by Cecil R. Curren Sr., who died in Florida in 1991. Curren Sr. left a will devising his interest in the property to his grandchildren, the appellants. However, the will was not admitted to probate in Florida until 2004, and was not admitted to probate in Arkansas until 2012. In the interim, on June 24, 2009, the decedent's son, Cecil R. Curren Jr., quitclaimed his interest in the property to McVesting, LLC, for

nominal consideration. The validity of that deed is the crux of this case. It is alleged by appellants (as it previously was alleged by Curren Jr.) that the deed had been procured by fraud and was thus void. The fraud alleged is that McVesting knew that a will existed but nevertheless purchased the land from Curren Jr. The trial court declared that this argument was unavailing because appellants failed to assert their claims to the land within five years of the death of Curren Sr., *i.e.*, by 1996.

Arkansas Code Annotated § 28-40-103 (Repl. 2012) governs time limitations on bringing a will to probate, and provides that:

> (a) No will shall be admitted to probate and no administration shall be granted unless application is made to the court for admission to probate within five (5) years from the death of the decedent, subject only to the exceptions stated in this section.

> (b) This section shall not affect the availability of appropriate equitable relief against a person who has fraudulently concealed or participated in the concealment of a will.

> (c)(1) Insofar only as it relates to real property in Arkansas, or any interest in real property, the will of a nonresident which has been admitted to probate in another appropriate jurisdiction may be admitted to probate in this state without regard to the time limit imposed by this section.

> (2) However, rights and interests in the real property which, after the death of the testator if it is assumed that he or she died intestate, have been acquired by purchase, as evidenced by one (1) or more appropriate instruments which have been properly recorded in the office of the recorder of the county in which the real property is situated and which would be valid and effective had the decedent died intestate, shall not be adversely affected by the probate of the will in this state after the expiration of the time limit imposed by subsection (a) of this section.

Under this statute, the 2012 Arkansas probate of Curren Sr.'s will is proper because that will had previously been admitted to probate in Florida. Ark. Code Ann. § 28-40-103(a) and (c)(1). Even then, however, if the real property involved were purchased after the death of

2

the testator by a third party from a person who, but for the will, would have been the intestate heir of the decedent, interests in the property would not be affected by the probate of the will after the expiration of the five-year period set out in subsection (a) if the instrument of transfer had been recorded in the county where the real property is located. Ark. Code Ann. § 28-40-103(c)(2).

Here, it is undisputed that, but for the will, Curren Jr. would have been the intestate heir of Curren Sr. It is also undisputed that Curren Jr. quitclaimed his interest in the property to McVesting by an instrument that was properly recorded on June 24, 2009. Finally, it is undisputed that the will was not admitted to probate in Arkansas until October 23, 2012.

Appellants' argument rests on two prongs: first, that the deed was void *ab initio* because it was fraudulently obtained by McVesting because McVesting knew about the will; second, that they may pursue an action to have the deed declared void for fraud pursuant to subsection (b) of the statute. Appellees assert that the Arkansas Supreme Court's decision in *Cooper v. Tosco Corp.*, 272 Ark. 294, 613 S.W.2d 831 (1981), precludes such an action because it held that the statute did not require that a recorded sale be a bona fide purchase for value. However, the court in *Cooper* expressly noted that there was no allegation of fraud in that case. Here, appellants have alleged fraudulent concealment of the will, invoking section 28-40-103(b).

Pursuant to Rule 24(a)(2) of the Arkansas Rules of Civil Procedure, three requirements must be met for intervention as of right: (1) the party must claim a recognized interest in the property or transaction that is the subject of the litigation; (2) the party's interest must be such

that it might be impaired by disposition of the action; and (3) the party's interest is not adequately represented by existing parties. We apply an abuse–of–discretion standard of review when considering the denial of a motion to intervene as a matter of right, *Hunter v. Runyan*, 2011 Ark. 43, 382 S.W.3d 643, and in this case, we hold that the trial court abused its discretion in denying appellants' motion to intervene. Appellants, being the named devisees of the property in question in Curren Sr.'s will, clearly had a recognized interest in the mineral interests in the property that McVesting's petition sought to settle. In denying appellants' motion to intervene, the trial court erroneously found that appellants lacked a valid interest in the litigation, and therefore the trial court failed to rule on McVesting's alternate argument that appellants' motion to intervene was untimely filed. We reverse the trial court's order and remand for a ruling on the timeliness issue. In the event that the trial court finds that appellants' motion to intervene was timely, additional proceedings shall follow with appellants' participation in the litigation.

Reversed and remanded.

WALMSLEY and HIXSON, JJ., agree.

*Chad J. Brown*; and *Tester Law Firm*, by: *Kent Tester* for appellants.

*Gammill & Gammill*, by: *Randall L. Gammill*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellee.