Josephine Linker Hart, Justice, concurring. I concur in the result, but write separately for two reasons. First, I disagree with the majority’s conclusión that the proper standard of review should be de novo. Second, the majority fails to address all’ of the reasons why the circuit court denied the Underwriters’ motion to intervene. The standard of review should be abuse of discretion. It is black-letter law that judicial discretion means: | ^discretion bounded by rules and principles of law, and not arbitrary, capricious, or unrestrained. It is not the indulgence of judicial whim, but the exercise of judicial judgment, based on facts and guided by law or the equitable decision or what is just and proper under the circumstances. It is legal discretion to be exercised in discerning the course prescribed by law and is not to give effect to the will of the judge, but to that of the law ... A liberty or privilege to decide and act in accordance with what is fair and equitable under the peculiar circumstances of the particular case, guided by the spirit and principles of the law. Black’s Law Dictionary 467 (6th ed.1990). This standard of review does not give the circuit court carte blanche or shield a circuit court’s decision from review. This court has held that a clearly erroneous interpretation or application of a law or rule will constitute a manifest abuse of discretion. Little Rock Wastewater Util. v. Larry Moyer Trucking, Inc., 321 Ark. 303, 902 S.W.2d 760 (1995); see Shelton v. State, 2009 Ark. 388, 326 S.W.3d 429 (decision to grant a mistrial on the basis of overruling necessity reversed). Contrary to the majority’s assertions, I believe that a standard of review has already been established. In Hunter v. Runyan, 2011 Ark. 43, 382 S.W.3d 643, this court stated: Permissive intervention is a matter within the circuit court’s discretion and is subject to the abuse-of-discretion standard of review. Billabong Prods., Inc. v. Orange City Bank, 278 Ark. 206, 644 S.W.2d 594 (1983). When intervention of right is at issue, however, our standard of review has not been set forth when the denial is based on the failure to meet the requirements of Rule 24 rather than on the untimeliness of the motion. DeJulius [v. Sumner, 373 Ark. 156, 159-60 n. 3, 282 S.W.3d 753, 755 n. 3 (2008) ]. There are no issues of timeliness raised in the present appeal. The parties in the present case have agreed, without briefing the issue, that the appropriate standard of review to be applied here is abuse of discretion. We are hesitant to set forth a standard of review when the parties on appeal have not addressed the issue. However, to remain consistent with our approach in DeJulius, we will apply the abuse-of-discretion standard in reviewing these two motions. Id. at 18, 382 S.W.3d at 653. The doctrine of stare decisis requires that we continue to apply the abuse-of-discretion standard. Furthermore, there is no dispute that a circuit court’s Indecision regarding the timeliness of filing a motion to intervene as a matter of right is reviewed under the abuse of discretion standard. Cupples Farms P’ship v. Forrest City Prod. Credit Ass’n, 310 Ark. 597, 839 S.W.2d 187 (1992). There is nothing to be gained by dividing the standard of review — reviewing decisions involving timeliness of a motion for an abuse of discretion and the content of the motion de novo. If we must resort to persuasive authority, the Arkansas Court of Appeals has concluded that the standard of review is not an open question. Christian v. McVesting, LLC, 2014 Ark. App. 509, 443 S.W.3d 578; Winn v. Bonds, 2013 Ark. App. 147, 426 S.W.3d 533; Bradford v. Bradford, 52 Ark. App. 81, 915 S.W.2d 723 (1996). The abuse-of-discretion standard for all parts of Rule 24 would be consistent with how we review the application of the ministerial aspects of the Arkansas Rules of Civil Procedure. Where this court has opined on the standard of review, it has, with very few exceptions, uniformly reviewed the circuit court’s actions under an abuse-of-discretion standard. See Ward v. Dapper Dan Cleaners and Laundry, Inc., 309 Ark. 192, 828 S.W.2d 833 (1992) (Rule 11); T.H. Epperson & Son, Inc. v. Robinson, 274 Ark. 142, 622 S.W.2d 668 (1981) (Rule 15); Carpetland of N.W. Ark., Inc. v. Howard, 304 Ark. 420, 803 S.W.2d 512 (1991) (Rule 18); Yamauchi v. Sovran Bank/Central South, 309 Ark. 532, 832 S.W.2d 241 (1992) (Rule 19); Cheqnet Systems, Inc. v. Montgomery, 322 Ark. 742, 911 S.W.2d 956 (1995) (Rule 23); S. Coll. of Naturopathy v. State ex rel. Beebe, 360 Ark. 543, 203 S.W.3d 111 (2005) (Rule 33); Calandro v. Parkerson, 333 Ark. 603, 970 S.W.2d 796 (1998) (Rule 37); Bolden v. Carter, 269 Ark. 391, 602 S.W.2d 640 (1980) (Rule 40); Ballard Group, Inc. v. BP Lubricants, USA, Inc., 2014 Ark. 276, 436 S.W.3d 445 (Rule 41); Mo. Pac. R.R. Co. v. Ark. Sheriff's Boys’ Ranch, 280 Ark. 53, 655 S.W.2d 389 (1983) (Rule 42); Goodwin v. Harrison, 300 Ark. 474, 780 S.W.2d 518 (1989) (Rule 47); Zhan v. Sherman, 323 Ark. 172, 913 S.W.2d 776 (1996) (Rule 54); Cammack v. Chalmers, 284 Ark. 161, 680 S.W.2d 689 (1984) (Rule 55); Schrader v. Bell, 301 Ark. 38, 781 S.W.2d 466 (1989) (Rule 59); Stautzenberger v. Stautzenberger, 2013 Ark. 148, 427 S.W.3d 17 (Rule 60); Chapin v. Stuckey, 286 Ark. 359, 692 S.W.2d 609 (1985) (Rule 66). The notable exceptions are Rule 12, Rule 56, and Rule 65 — but only Rule 65 is subject to de novo review. That standard of review is attributable to the fact that seeking an injunction is a request for equitable relief. Cases that sound in equity are always reviewed de novo. See, e.g., Foust v. Montez-Torres, 2015 Ark. 66, 456 S.W.3d 736. In short, the standard of review should be abuse of discretion. Second, the majority fails to address all of the reasons why the circuit court denied the Underwriters’ motion to intervene. The appellees made this very point during oral arguments. The circuit court denied intervention, finding as follows: The Court finds Plaintiffs’ arguments regarding the amorphous nature of the applicant for intervention persuasive. The other argument of Plaintiffs’ counsel against the motion to intervene are also persuasive and contribute to this decision. Accordingly, all of the reasons articulated by the appellees must be addressed by the Underwriters on appeal or the circuit court’s order must be summarily affirmed. See United Food & Commercial Workers Int’l Union v. Wal-Mart Stores, Inc., 2014 Ark. 517, 451 S.W.3d 584. |¾⅞1 summarize the appellees’ arguments to the circuit court as follows: 1. Suits against an unincorporated association under Rule 23.3 require a named representative member and recoverable common assets. The plaintiffs assert that no underwriter has stepped forward to serve as representative. 2. Allowing intervention by “Certain Underwriters” would leave the Court with no one against whom to enforce its orders, and would be a wholesale violation of the preference for open courts. The plaintiffs claim that allowing intervention would be allowing them to litigate under a “cloak of secrecy.” 3. No statute gives the Underwriters capacity to intervene this way. The plaintiffs argue that the Underwriters’ misplaced their reliance on Lewelling v. Manufacturing Wood-Workers’ Underwriters, 140 Ark. 124, 215 S.W. 258 (1919), for the proposition that a statute (there Act 157 of 1915) could confer upon an unincorporated associate the capacity to be sued. 4. The Underwriters cannot be “defendants” if we have not made claims against them. The plaintiffs argue that the Underwriters have not established that they are subject to pay a potential judgment, directly or indirectly. Neither the Underwriters, nor the majority, directly address these arguments. Nonetheless, the first two arguments are fairly well covered as the Underwriters challenge the circuit court’s finding that, as a group, the Underwriters were “too amorphous” to be allowed to intervene. I am likewise satisfied that the third argument is covered by the Underwriters’ extensive discussion of their right to intervene as granted by Rule 24. The fourth argument, is more difficult to dispose of, though not because of its persuasiveness. I have decided that it is subsumed by the Underwriters’ argument concerning its right to intervene. In essence, they contend that their right to intervene is not controlled by appellees, so the appellees’ failure to make them defendants is of no moment. Baker, J., joins.