**SECURITIES & EXCHANGE COMMISSION, Plaintiff–Appellee,**

**and**

**Phillip Stenger, Intervening–Appellee,**

v.

**Charles HOMA, et al., Defendants.**

**Appeal of Florida Construction & Development Corporation, Appellant.**

**No. 00–3844.**

United States Court of Appeals, Seventh Circuit.

Argued April 20, 2001.

Decided Aug. 17, 2001.

Before EASTERBROOK, MANION, KANNE, Circuit Judges.

### ORDER

The SEC filed a complaint in district court for securities violations against Charles Homa and Michael Gause, who owned a substantial interest in GMD Aviation, LLC ("GMD"). The district court placed their assets, including their interests in GMD, into receivership and stayed any proceedings which might be brought against those assets in other courts. Florida Construction & Development Corporation ("Florida Construction"), a creditor of GMD, moved for intervention as of right and for permissive intervention in the district court proceeding, and the district court denied both motions. Florida Construction appeals, and we affirm.

### I.

### Background

On October 15, 1999, the SEC filed a complaint against more than twenty defendants, including Charles Homa and Michael Gause, for securities violations. The SEC alleged the defendants had engaged in a complex Ponzi scheme [1] between 1996 and October 1999. Under the scheme, referred to as "Cash 4 Titles," investors were told that money they invested with various marketers would be lent to car title loan companies. What ultimately transpired was somewhat different. The majority of investor money went to accounts in the Cayman Islands. These accounts were then used to cover interest payments on the notes and bonds of earlier investors, as well as to pay the personal expenses of the defendants and compensate the marketers.

The SEC action sought to enjoin the scheme, alleging the defendants had defrauded over 2,000 investors of approximately $300 million. In addition, among other remedies, the SEC sought civil penalties, disgorgement plus prejudgment interest, an asset freeze, repatriation of overseas funds to the United States, an

---

1. A "Ponzi" scheme is a type of scam named for a very successful Boston swindler from the early 20th century. *See United States v. Masten,* 170 F.3d 790, 797 n. 9 (7th Cir.1999).

accounting, and the appointment of a receiver. The district court appointed a receiver (the "Receiver") over the assets of Homa and Gause, including their interests in GMD, discussed below. The court also entered a stay prohibiting creditors from proceeding against assets in the receivership estate in any other court.

In addition to their involvement in the Ponzi scheme, Homa and Gause each owned a one-third interest in GMD, along with a third individual, Glenn Collis, who was not a defendant in the SEC action. Homa and Gause's interest in GMD is the only reason Florida Construction has any involvement in this case. GMD runs what is known as a "fixed base operation" at the Gwinnett County Airport in Lawrenceville, Georgia. In 1998, Florida Construction contracted with GMD to supply labor and materials for improvements to GMD's airport property. Florida Construction provided a variety of services, including redesigning a parking lot, upgrading of fueling capabilities, replacing asphalt, and building construction. Although it had received substantial payment, Florida Construction claims it is still owed $2.4 million for its work.

It appears that Florida Construction filed its claim with the Receiver in late 1999. The Receiver, however, did not provide Florida Construction with any relief. Then, on January 5, 2000, Florida Construction moved to intervene in the district court proceeding. On January 20, 2000, the district court denied the motion, but noted that Florida Construction could perfect its lien rights against GMD in Georgia state court without violating the stay. On September 29, 2000, the district court filed an opinion explaining its decision to deny the motion to intervene, based on the availability of relief before the Receiver and the availability of an alternate forum in state court. The district court also ordered the Receiver to establish a creditor claims procedure that would allow creditors to file claims with the Receiver, receive a reasonably prompt determination of their claims, challenge the Receiver's recommendation for the disposition of funds, and receive final adjudication by the court regarding disbursement of the funds.

On October 23, 2000, Florida Construction filed suit against GMD in Georgia state court in an effort to perfect its lien rights. However, on November 16, 2000, the Georgia court stayed the proceeding in light of the SEC action. On October 27, 2000, the Receiver filed with the district court a detailed proposal for resolving trade-creditor claims against the receivership estate. Among its provisions, this proposal would permit an aggrieved creditor 20 days to appeal the Receiver's determinations to a district court magistrate judge. It prohibited the distribution of any funds until all claims were fully and finally resolved, and provided that trade-creditor payments had priority over investor-creditor payments.

On October 27, 2000, Florida Construction filed its notice of appeal, challenging the district court's denial of its motion to intervene. Subsequently, on December 8, 2000, the Receiver informed the district court that it had reached a settlement agreement respecting the GMD assets. Pursuant to this agreement, Collis would purchase the remaining two-thirds interest in GMD (that owned by Homa and Gause) now held by the receivership estate. All rights, title, and interest in GMD would be transferred to Collis. The Receiver would retain the proceeds from a sale of two aircraft, worth approximately $1.8 million. The district court approved this agreement on December 14, 2000. Florida Construction nevertheless appeals the district court's denial of its motions to intervene.

## II.

## Analysis

■ Except for the timeliness requirement for intervention as a matter of right, which is reviewed for abuse of discretion, we review the district court's order denying intervention as a matter of right under a de novo standard, *see Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705–06 (7th Cir.2001), and its denial of permissive intervention for abuse of discretion. *See id.* at 707.

■ Rule 24(a) of the Federal Rules of Civil Procedure states that intervention as a matter of right is available when:

[A] statute of the United States confers an unconditional right to intervene; or ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, there are four requirements for intervention as a matter of right under Rule 24(a): (1) the would-be intervenor's application must be timely; (2) it must have an interest relating to the subject matter of the main action; (3) the interest must be at least potentially impaired by the disposition of the action in its absence; and (4) the interest may not already be adequately represented by one of the existing parties to the action. *See Commodity Futures Trading Comm'n v. Heritage Capital Advisory Services, Ltd.*, 736 F.2d 384, 386 (7th Cir.1984). Failure to meet any one of these requirements is fatal to the motion to intervene as of right. *See id.* In addition, the burden is on the proposed intervenor to show that each requirement is met. *See Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir.1985). Applying this test, the district court found that Florida Construction's motion did not meet the third requirement, and on this basis denied intervention as of right.

■ The SEC argues that, in addition, the second requirement of this test is no longer met because the subsequent sale of Homa and Gause's interests in GMD ended any interest Florida Construction had in the receivership property.[2] Florida Construction responds that the settlement between the Receiver and Collis stripped $1.8 million from GMD's assets. But it nevertheless appears that Florida Construction's claims against GMD no longer include a claim against receivership property, and this is fatal to its motion.

■ Since GMD's assets are no longer part of the receivership property, Florida Construction should also be able to pursue its claims against GMD in state court and thus fails to meet the third requirement for intervention as of right. The district court's stay order prevented any filing against the receivership property. But since GMD's assets are no longer part of the receivership property, proceedings against GMD are not subject to the district court's stay in the SEC action. Confiscation of the airplanes removed substantial assets from GMD, but Florida Construction had asserted no security interest in

**2.** The SEC also argues that Florida Construction never filed a pleading with its motion to intervene, contrary to the requirements of Federal Rule of Civil Procedure 24(c). In addition, the SEC contends that Florida Construction cannot yet demonstrate inadequate representation by the Receiver, and therefore its motion to intervene was not timely, contrary to Federal Rule of Civil Procedure 24(a)(2). Finally, the SEC urges us to affirm on the alternative ground that Section 21(g) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(g), bars Florida Construction from intervening. We need not reach these arguments in light of the holding below.

them. Florida Construction's suit in Georgia state court recites a claim of lien upon the leasehold interest held by GMD, presumably for the work performed to improve that interest. It thus appears that there is no reason for the state court stay, issued "pending further order from Judge Guzman in SEC action," to remain in place.

Florida Construction's ability to bring suit in state court against GMD means that intervention is not appropriate because there is another available forum for Florida Construction's claims. *See Shea v. Angulo,* 19 F.3d 343, 347 (7th Cir.1994) (concluding that no impairment was shown where proposed intervenor could bring suit to recover his interest); *Heritage Capital,* 736 F.2d at 387 (no impairment where claim could be brought "in a forum other than the main CFTC enforcement action."). For that matter, if it should become necessary, Florida Construction could pursue bankruptcy proceedings against GMD. In light of the available forum in state court, Florida Construction has failed to demonstrate that its interest will be impaired absent intervention.

 The SEC claims that Florida Construction also fails the third requirement for intervention as of right because yet another forum is available, namely the procedure established by the Receiver for creditors to submit a claim. This court has held that intervention as of right is not available where the proposed intervenor may pursue its claim before the Receiver with the benefit of an appropriate procedure. *See Heritage Capital,* 736 F.2d at 386. In *Heritage Capital,* this court rejected a claim of intervention as of right

because the party wishing to intervene could "assert [its] claim in the claims procedure established by the receiver and supervised by the district court." *See id.* As noted in that case, "there is no question that [the proposed intervenor] may obtain district court review of any unfavorable decision of the receiver before the receiver disburses funds to other creditors." *Id.* at 387. Likewise, Florida Construction's claim would not be impaired, because a forum is available under the Receiver's proposed claims procedure, with rights of appeal to the district court. If Florida Construction had any rights to any property in the receivership property (which it has failed to show in this appeal), it may pursue those rights in the court-established claims procedure.[3]

Nevertheless, Florida Construction argues that there is no substitute for intervention because absent intervention it could not appeal an adverse district court ruling in the SEC action, citing *SEC v. Wozniak,* 33 F.3d 13 (7th Cir.1994). In *Wozniak,* this court held that it lacked jurisdiction to hear an appeal in an SEC enforcement action because neither would-be appellant was a party to the underlying action. One individual had failed to appeal from the district court's denial of his motion to intervene, while the other had not even attempted to intervene. In response, the SEC notes that *Wozniak* allowed for exceptions to the general rule that only parties may appeal, and the SEC cites several decisions, primarily from other circuits, for the proposition that Florida Construction might fit into one of these exceptions. *See, e.g., Searcy v. Philips*

**3.** It is true, as Florida Construction notes, that at the time this case was briefed the proposed procedures were not actually in place. Nevertheless, the district court ordered the establishment of procedures which would satisfy the test in *Heritage Capital,* and

Florida Construction presents no reason to expect it will be without the benefit of the Trade Creditor Claims Procedure. Nothing prevents Florida Construction from again moving to intervene if such procedures are not put in place.

*Electronics No. Am. Corp.,* 117 F.3d 154, 156–58 (5th Cir.1997).

In fact, there is some disagreement among the circuits as to when an appeal is available for non-parties. *See, e.g., SEC v. Forex Asset Management, LLC,* 242 F.3d 325, 330 n. 5 (5th Cir.2001) (determining that non-party had standing to appeal, and noting conflict with *Wozniak* ). This case does not require us to delve into *Wozniak*'s exceptions, however, or to revisit our holding in *Heritage Capital* that intervention as of right is unavailable where the proposed intervenor may seek redress before the Receiver. In light of Florida Construction's failure to demonstrate an interest in the receivership property, and the presence of an available forum to pursue its claim against GMD in state court, we affirm the denial of intervention as of right.

Florida Construction also claims the district court erred in denying permissive intervention under Federal Rule of Civil Procedure 24(b). This argument does not merit much discussion. Relevant factors in determining whether permissive intervention under Rule 24(b) is appropriate include undue delay and prejudice to other parties. The district court has considerable discretion in ruling on a motion under Rule 24(b), and it is exceedingly rare to reverse a district court in this context. *See Shea,* 19 F.3d at 346 n. 2. In this case, the district court reviewed the relevant factors, and it determined both that there was no common question of law between the SEC action and Florida Construction's contract dispute, and that the fairest and most efficient method of handling the case was to have Florida Construction bring its claims before the Receiver. These reasons support the district court's denial of permissive intervention, and we find no abuse of discretion.

Florida Construction has failed to meet the requirements for intervention as a matter of right under Rule 24(a) because it has failed to show that it still retains an interest in the receivership property and because there is an alternate available forum to pursue its claims. It has also failed to show that the district court abused its discretion in not permitting intervention under Rule 24(b). The district court is AFFIRMED.