Frank DE JULIUS and Christa Brunst *v.* Paul SUMNER, Charles Miller, Alltel Corporation, et al.

07-748                                    282 S.W.3d 753

Supreme Court of Arkansas
Opinion delivered April 10, 2008

*Weller, Green, Toups & Terrell, L.L.P.*, by: *Mitchell A. Toups*, and *Eubanks, Baker & Schulze*, by: *J. G. "Gerry" Schulze*, for appellant Frank DeJulius.

*Murray & Murray Co., L.P.A.*, by: *Margaret M. Murray* and *Dennis E. Murray, Sr.*, and *Duncan Firm, P.A.*, by: *Phillip J. Duncan* and *James H. Bartolomei*, for appellant Christa Brunst.

*Emerson Poynter LLP*, by: *Scott E. Poynter*, and *Goldman Scarlato & Karon, P.C.*, by: *Daniel R. Karon* and *Paul S. Scarlato*, for appellees Paul Sumner and Charles Miller.

*Frantz Ward LLP*, by: *Daniel A. Ward* and *Gregory R. Farkas*, and *Friday, Eldredge & Clark*, by: *Kevin A. Crass*, for appellees Alltel Corporation and Alltel Communications, Inc.

ANNABELLE CLINTON IMBER, Justice. Appellant Frank DeJulius brings this appeal from an order of the Lonoke County Circuit Court approving a class-action settlement between Appellees Paul Sumner and Charles Miller, plaintiffs below, and Appellees Alltel Corporation and Alltel Communications, Inc. (collectively, "Alltel"), defendants below. DeJulius alleges that the circuit court erred in approving the settlement, as it was not in the best interests of the class, and in denying his motion to intervene as an objector. Because this case has come before us on a prior appeal[1], our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(7) (2007). We find no error and affirm.

In February of 2003, Sumner and Miller filed a class-action complaint against Alltel for false and misleading advertising. The complaint, twice amended, alleged that Alltel advertised unlimited wireless telephone services at a monthly price of $49.95. Some advertisements were alleged to have offered the fixed rate for the life of the customer. Sumner and Miller contended that Alltel then raised the price of the plan to $59.95 per month and increased roaming charges. The complaint alleged that Alltel's actions violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101 to -115 (Repl. 2001 & Supp. 2007), as well as the consumer-protection statutes of the various jurisdictions of the proposed class members.

Sumner and Miller negotiated a settlement with Alltel before the class was certified and before notice of the action was

---

[1] *Alltel Corp. v. Sumner*, 360 Ark. 573, 203 S.W.3d 77 (2005).

sent out to proposed class members.[2] The settlement agreement set out a series of discounts and coupons for class members, in exchange for which Alltel would be released of all claims that were or could have been raised in the litigation. The circuit court entered an order conditionally certifying the class for settlement purposes only and preliminarily approving the settlement. The court also approved the notice plan proposed by the parties and ordered that notice of the litigation and settlement be mailed to all class members within forty days after entry of the preliminary-approval order. A final approval hearing was scheduled.

Presumably after receiving notice, DeJulius filed an objection to the proposed settlement, characterizing it as inadequate, unfair, and unreasonable. Specifically, DeJulius argued that class members would receive no relief under the settlement if they declined to use Alltel's wireless telephone services and that the terms of the settlement were more beneficial to Alltel than to the class members. DeJulius filed a motion to intervene pursuant to Ark. R. Civ. P. 24 (2007). The circuit court denied his motion and entered a final order approving the settlement. The court found that the value of the negotiated relief was as high as forty-four million dollars, which the court considered fair, reasonable, and adequate. DeJulius filed a timely notice of appeal, designating both the denial of his motion to intervene and the approval of the settlement as the orders from which the appeal was taken.

Under a de novo, clearly-erroneous, or abuse-of-discretion standard, it is clear that the circuit court did not err in denying DeJulius's motion to intervene.[3] To intervene as a matter of right under Ark. R. Civ. P. 24(a)(2) (2007), an applicant must show

---

[2] For settlement purposes, counsel for Sumner and Miller joined with counsel for two other similar class actions against Alltel. The class representative from one of those two actions, Christa Brunst, has also appealed the approval of the settlement to this court, alleging that counsel for Alltel colluded with counsel for Sumner and Miller to reach a settlement to which Brunst objected. However, Brunst has since voluntarily dismissed her appeal.

[3] We have not set forth a standard of review for the denial of a motion to intervene by right filed pursuant to Ark. R. Civ. P. 24(a)(2), when that denial is based on a failure by the appellant to meet the requirements of Rule 24(a)(2) rather than on untimeliness of the motion. *Med. Park Hosp. v. Bancorp S. Bank of Hope*, 357 Ark. 316, 166 S.W.3d 19 (2004). As we indicated in *Medical Park*, we are hesitant to articulate a standard of review when the parties have not addressed the issue. *Id*. In the instant case, the parties agreed that the applicable standard was abuse of discretion and did not further develop the issue; thus, we decline to decide.

three things: (1) that he has a recognized interest in the subject matter of the primary litigation, (2) that his interest might be impaired by the disposition of the suit, and (3) that his interest is not adequately represented by existing parties. *Med. Park Hosp. v. Bancorp S. Bank of Hope*, 357 Ark. 316, 166 S.W.3d 19 (2004); *Billabong Prods., Inc. v. Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983). DeJulius has failed to establish eligibility for intervention pursuant to these requirements.[4]

Even if DeJulius's receipt of the notice of this litigation and settlement is sufficient to show that he is a class member and thus has a recognized interest in the subject matter, he has not shown that his interest might be impaired by disposition of the litigation. Generally, if a person seeking intervention will be left with the right to pursue his own independent remedy against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention of right. *Billabong Prods., Inc. v. Orange City Bank, supra.* The settlement agreement at issue here, as well as the notice to proposed class members, made clear that proposed class members could request to be excluded from the settlement class. DeJulius did not make any such request. Had he done so, he would not have been bound by the final order approving the settlement, and he would have retained his claims against Alltel. By requesting exclusion, DeJulius would have maintained the right to pursue his own independent remedy.

We find no merit in DeJulius's argument that he did not receive a copy of the settlement agreement in sufficient time for him to consider his options and decide upon exclusion. The record simply does not support this contention. DeJulius has not shown when he received notice or when he or his attorney obtained a copy of the settlement agreement. The record contains only an affidavit from counsel for Sumner and Miller stating that DeJulius's attorney requested a copy of the settlement agreement on February 28, 2007, the deadline for objections and requests for exclusion. The notice, sent to class members by the end of December 2006, clearly stated that proposed class members could obtain a copy of

---

[4] DeJulius's motion to intervene contended that he was entitled to both intervention as a matter of right, under Ark. R. Civ. P. 24(a)(2) (2007), and permissive intervention, under Ark. R. Civ. P. 24(b)(2) (2007). The circuit court's order addressed only intervention as a matter of right. Although DeJulius does not address the issue in his brief to this court, his counsel articulated at oral argument that his position is that he was entitled to intervention of right, rather than permissive intervention.

the settlement agreement from class counsel or the circuit court clerk. DeJulius has not established that he was prevented from doing so earlier.

■    DeJulius has also failed to show that his interest is not adequately represented by existing parties. He has simply made no effort to demonstrate that the class representatives and class counsel did not protect his interests as a class member. In fact, at the final approval hearing, DeJulius's counsel volunteered his opinion that the class counsel were qualified and experienced and reached the settlement properly. At no time did DeJulius challenge their adequacy or that of the class representatives. DeJulius's unsupported allegation that the parties failed to protect his interests is insufficient. For these reasons, we conclude that the circuit court properly denied his motion to intervene.

■    Because DeJulius failed to intervene below, he lacks standing to appeal the circuit court's approval of the settlement. It is well settled in Arkansas that an unnamed class member who failed to intervene at the trial court level cannot appeal a settlement entered into by the named class members, even if the unnamed class member submitted objections to the fairness of the settlement. *Haberman v. Lisle*, 317 Ark. 600, 884 S.W.2d 262 (1994). We reaffirmed this holding in *Ballard v. Advance America*, 349 Ark. 545, 549-50, 79 S.W.3d 835, 837 (2002), where we cautioned:

> By attempting to intervene at the last minute, rather than opting out of a settlement to which they objected, appellants willingly undertook the risk that their motion to intervene might be denied for failure to meet the requirements of Rule 24(a) of the Arkansas Rules of Civil Procedure, and that they would then be bound by the settlement as approved by the circuit court. Appellants' strategic election not to opt out of the settlement has left them without standing to pursue this appeal.

Similarly, DeJulius is now precluded from appealing the approval of the settlement. We therefore need not address his arguments regarding the fairness and reasonableness of the settlement.

Affirmed.

BROWN, J., not participating.