SLIP OPINION

Cite as 2015 Ark. 178

# SUPREME COURT OF ARKANSAS

**No.** CV–14–788

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NOS. LLG035083, LLG041386, EQ6564A, EQ6564B, EQ6564C, LCL002222, EQ6366A, EQ6366B, EQ6366C, EQ6366D, EQ6366E, EQA22264, EQA12036, LCP001820, LCL003461, LCP002646, LLG034560, LLG040476, LLG045650, LLG051521, LLG055843, LLG059178, EQA14445, EQA14505, LSP510482, LSP511933, LSP513021, LSP513885, 05SRT20094, 05SRT20640, 05SRT21188, 05SRT21737, 05SRT20794, CP04265, CP04980, CP05809, CP06776, CP06159, CP07113, 058204-004, 058204-005, 068204-003, 058170-027, 068170-012, 068170-013, 078170-009, 078170-010, 088170-010, 088170-011, 098170-003, 098170-004, 19618-08, 19618-09, 19618-10, 19618-11, 19511-08, 19511-09, 19511-10, AND 19511-11

APPELLANTS

V.

DAVID BASS; DONALD HUGHES; LISTON HASEMAN, JR.; JOHN KIMBROUGH; LEWIS JENKINS TRUCKING, INC.; LEW THOMPSON & SON, INC.; MOORE VALLEY FARMS, INC.; JEREMY POE; FRANKLIN D. POLLARD D/B/A THE REGENCY LIMITED; BOBBY AND EARNESTINE POLLINS; ROBBY SUMMERS; TOMMIE WALKER AUCTION, INC.; ADVADA WARD; LANCE WHITAKER;

**Opinion Delivered** APRIL 23, 2015

APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-13-309]

HONORABLE GARY ARNOLD, JUDGE

<u>REVERSED AND REMANDED</u>.

AND SHIRLEY WILLIAMS,
INDIVIDUALLY AND AS PLAINTIFF
CLASS REPRESENTATIVES
                              APPELLEES

PAUL E. DANIELSON, Associate Justice

This is an appeal from an order of the Saline County Circuit Court denying a motion by appellants, Certain Underwriters at Lloyd's, London, to intervene in a class-action suit filed by appellees, David Bass; Donald Hughes; Liston Haseman, Jr.; John Kimbrough; Lewis Jenkins Trucking, Inc.; Lew Thompson & Son, Inc.; Moore Valley Farms, Inc.; Jeremy Poe; Franklin D. Pollard d/b/a The Regency Limited; Bobby and Earnestine Pollins; Robby Summers; Tommie Walker Auction, Inc.; Advada Ward; Lance Whitaker; and Shirley Williams, purchasers of surplus-lines insurance. Named as defendants were Michael Ellis Alexander, Terry Lynn Burnett, Dianna Lynn Farish, John Archie Griggs, John Christopher Hildebrand, James Robert Hill, Stephen Frederick Hoffmann, Michael Leon Johnson, Stanley Guy Payne, Frances S. Shaddox, Roy Mack Shaddox, Richard Paul Simon, Russell Ellsworth Short, and Jimmy Sutterfield, Arkansas licensed surplus-lines-insurance brokers.[1] On appeal, appellants argue that the circuit court erred in denying its motion to intervene because (1) they are entitled to intervene as defendants to protect their contractual rights and their financial, business, and legal interests; and (2) appellants are not too amorphous for

_____

[1]As denoted in the caption, appellants are Certain Underwriters who served as insurers in sixty-three specific insurance contracts at issue in this case.

intervention. This court has previously recognized a right to appeal from the denial of a motion to intervene as a matter of right under Arkansas Rule of Appellate Procedure–Civil 2(a)(2) (2014). *See Fort Smith Sch. Dist. v. Deer/Mt. Judea Sch. Dist.*, 2014 Ark. 486, 450 S.W.3d 239; *Duffield v. Benton Cnty. Stone Co., Inc.*, 369 Ark. 314, 254 S.W.3d 726 (2007). We reverse and remand.

The record reflects the following facts. On May 22, 2013, appellees filed a class-action complaint for declaratory relief on behalf of themselves, individually and as class representatives, against a group of licensed surplus–lines–insurance brokers who contracted with appellants to place surplus–lines insurance.[2] According to appellees, these defendant brokers improperly placed contracts of insurance with persons who were not insurers approved by the Arkansas Insurance Commissioner ("Commissioner"). Appellees prayed that the circuit court declare that they have a right to treat, as voidable, contracts for placement of surplus–lines insurance placed by defendant brokers between April 8, 2005, and March 18, 2011, with persons who were not approved or qualified as surplus–lines insurers by the Commissioner. Appellees further requested that the circuit court order defendants to account for and return to appellees all monies received by defendants for "the contracts in question." Finally, appellees requested an award of attorney's fees, prejudgment interest, and costs.

---

[2]Arkansas law provides that when insurance coverage cannot be purchased from licensed Arkansas insurers, surplus–lines insurance may be purchased from out-of-state insurers, provided that the transaction proceeds through a licensed, Arkansas surplus–lines broker. *See* Ark. Code Ann. § 23-65-305 (Repl. 2012).

Appellants filed their first motion to intervene and brief in support on June 20, 2013, and asserted that they had subscribed to multiple insurance policies issued to appellees during the applicable time period.[3] According to appellants, they had significant, recognized interests in the lawsuit because appellees sought to void multiple insurance contracts to which appellants subscribed as real parties in interest. In addition, appellants alleged in their motion to intervene that

> 6. The disposition of this lawsuit will impair Underwriters' interests in the subject insurance contracts by determining Underwriters' rights and obligations without affording Underwriters the opportunity to defend their clear contractual interests and leaving them with no independent remedy.
>
> 7. Because the Brokers are neither insurers nor parties to the contracts that the Plaintiffs seek to invalidate, Underwriters, as actual parties to those contracts, face separate and distinct obligations that are not adequately represented or protected by the existing parties to this lawsuit.
>
> 8. Underwriters are necessary and indispensable parties to the adjudication of this lawsuit because the Plaintiffs clearly seek to challenge the validity of contracts between the Plaintiffs and Underwriters and, in effect, to extinguish Underwriters' substantial interests in those contracts.

Filed simultaneously with the motion to intervene was appellants' "Rule 24(c) Pleading," wherein they generally denied the allegation of the class-action complaint, including the allegation that the insurance contracts were voidable.

---

[3]According to counsel for appellants, Lloyd's of London is not an insurer; rather, it is a marketplace of insurers who are called underwriters, and they are members of Lloyd's. The underwriters can be individuals, or an entity such as a corporation, partnership, or LLC. The underwriters form syndicates and participate to a different percentage in each syndicate, with syndicates having a managing agent who acts on behalf of all the underwriters in the syndicate.

In their brief in support of the motion to intervene, appellants asserted that they were entitled to intervention as a matter of right pursuant to Arkansas Rule of Civil Procedure 24(a)(2) because (1) their motion was timely; (2) they have a recognized interest in the lawsuit; (3) the disposition of the lawsuit would impair appellants' interests; (4) their interests would not be adequately represented by the current parties; and (5) they were necessary parties to the lawsuit.

Following the filing of the initial complaint, appellees filed two amended complaints. In the first amended complaint, appellees alleged that defendants violated the Arkansas Surplus Lines Insurance Act, as well as the Arkansas Deceptive Trade Practices Act, by placing coverage with unapproved insurers. Appellees requested that defendants be ordered to pay restitution and that they be awarded actual damages under Arkansas Code Annotated section 4-88-113(f), punitive damages, prejudgment interest, and costs.

After appellees filed a second amended complaint adding two additional plaintiffs, appellants filed a renewed motion to intervene. Therein, appellants asserted that they remained necessary and indispensable to the lawsuit and continued to have significant recognized interests that would be impaired if they were not allowed to intervene.

Appellees filed a response and opposition to the renewed motion to intervene on January 29, 2014. In it, appellees asserted that the only purpose of the motion was to create diversity needed to support federal jurisdiction. Appellees also stated that their second amended complaint did not implicate any interests of appellants, as appellees were not seeking any relief against appellants nor had they alleged any wrongdoing on the part of appellants,

and the defendant brokers adequately represent any remaining interests of appellants. Appellees also argued that appellants' decision to seek intervention as "Certain Underwriters at Lloyd's, London, Subscribing to [Enumerated Policies]" was an attempt to proceed under a "cloak of anonymity" and demonstrated that the appellants were either "an unincorporated association formed for the purpose of intervening" or "a collection of smaller unincorporated associations."

On March 19, 2014, appellees filed a third amended complaint for the purpose of consolidating this case with two other overlapping class-action cases. The allegations of the prior complaints were reiterated—primarily that appellants placed surplus-lines insurance with unapproved insurers, and as a result, the defendant surplus-lines brokers were not permitted to place insurance with appellants; thus, the subject policies were "materially nonconforming insurance."

Appellants again renewed their motion to intervene on April 8, 2014, and a hearing on the motion to intervene was held on May 15, 2014. At that hearing, appellants explained that the underlying action involved multiple insurance policies consisting of thirty-three different syndicate numbers, with those syndicates consisting of thirty or forty thousand individual names. But, appellants stated that it is common practice in the insurance field to use the shorthand "Underwriters at Lloyd's," and that if you have a policy number, it can be tracked down and the underwriters identified. Appellants argued that they were entitled to intervene as a matter of right but also noted that they had requested that they be allowed to intervene permissively.

SLIP OPINION

Appellees argued that intervention was not warranted, in part, because it is only the brokers, not the insurers, who are charged with, and violated, the statutory requirements for surplus-lines insurance. According to appellees, it was the brokers sued in the underlying complaint that took appellees' money and misused it and, as a result, appellees are entitled to restitution, which is not grounded in contracts, policies, or rescission. Appellees also argued that appellants could not intervene because they were an unincorporated association or artificial designation not capable of suing or being sued in Arkansas. Finally, appellees argued that appellants had failed to present any Rule 24 proof demonstrating that they are entitled to intervene as a matter of right.

On May 21, 2014, the circuit court entered an order denying appellants' motion to intervene, finding that appellees' argument regarding appellants' amorphous nature was persuasive and further noting that appellees' other arguments opposing intervention were also persuasive. Appellants timely filed a notice of appeal.

## I. *Standard of Review*

Appellants raise a threshold question of which standard of review applies when reviewing an order denying intervention as a matter of right. It is undisputed that an order denying permissive intervention is reviewed under an abuse–of–discretion standard. *Billabong Prods., Inc. v. Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983). But, in *Medical Park Hospital v. Bancorp South Bank of Hope*, 357 Ark. 316, 166 S.W.3d 19 (2004), this court recognized that we have never articulated a standard of review for denial of a motion to intervene as a matter of right when timeliness was not the issue to be resolved. Although we

SLIP OPINION

recognized in that case that no standard of review had yet been announced, we declined to announce a standard because neither party addressed the issue of the appropriate standard, and the court's ultimate decision would have been the same whether it applied an abuse-of-discretion standard or reviewed the case de novo. *Id.*; *see also Fort Smith Sch. Dist.*, 2014 Ark. 486, 450 S.W.3d 239; *Hunter v. Runyan*, 2011 Ark. 43, 382 S.W.3d 643; *DeJulius v. Sumner*, 373 Ark. 156, 282 S.W.3d 753 (2008).

In the instant case, appellants assert that this court should employ a de novo review to the question whether the circuit court erred in denying their motion to intervene as a matter of right. In support, appellants argue that the question presented in a case such as this one is more akin to a question of law, which this court reviews de novo. We agree.

Notably, our law is very clear that intervention as a matter of right cannot be denied if a party meets all three requirements for intervention as set forth in Rule 24(a)(2). *Pearson v. First Nat'l Bank of DeWitt*, 325 Ark. 127, 924 S.W.2d 460 (1996). Thus, if the factors are satisfied, then a circuit court has no discretion to deny intervention. Moreover, although this court has never specifically announced a standard of review for this issue, we have in two prior appeals seemingly applied a de novo standard. *See UHS of Ark., Inc. v. City of Sherwood*, 296 Ark. 97, 752 S.W.2d 36 (1988) (no standard of review cited but review appears to be de novo because factors favoring appellant were weighed against inconvenience to appellee); *Billabong Prods.*, 278 Ark. 206, 644 S.W.2d 594 (abuse of discretion applied to permissive intervention; no standard of review cited for denial of intervention of right, but court

8

appeared to apply de novo standard because we held appellant's claimed interest was insufficient to allow intervention as a matter of right).

Finally, although there is a split of authority among the jurisdictions on the appropriate standard of review, we are more persuaded by those courts that have adopted a de novo review. The Mississippi Supreme Court in *Madison HMA, Inc. v. St. Dominic-Jackson Memorial Hospital*, 35 So. 3d 1209 (Miss. 2010), clarified its standard of review and stated that its Rule 24, its comment, and the underlying purposes of the rule clearly demonstrated that a de novo standard of review applied to all intervention-of-right judgments, as the abuse-of-discretion standard deviated greatly from the court's historical de novo review of questions of law. The court also noted that the use of the word "shall" in the rule indicated that the trial court has little, if any, discretion in the matter. *Id*. at 1214. Similarly, the Connecticut Supreme Court clarified its standard of review and determined that a de novo standard of review was more consistent with the nature of the relevant inquiry taken to evaluate a claim of intervention as a matter of right. *Kerrigan v. Comm'r of Pub. Health*, 904 A.2d 137 (Conn. 2006); *see also Fox v. Tyson Foods, Inc.*, 519 F.3d 1298 (11th Cir. 2008); *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815 (5th Cir. 2003); *Securities & Exch. Comm'n v. Homa*, 17 F. App'x 441 (7th Cir. 2001); *Stevenson v. Rominger*, 905 F. Supp. 836 (E.D. Wash. 1995).

In light of the forgoing, we hold that an appeal from an order denying intervention as a matter of right is reviewed de novo. De novo review means that the entire case is open for review. *See ConAgra, Inc. v. Tyson Foods, Inc.*, 342 Ark. 672, 30 S.W.3d 725 (2000). With this settled, we turn now to the issues on appeal.

Cite as 2015 Ark. 178

II. *Amorphous Nature of Appellants*

Although appellants address the issue of whether they established the three requirements for intervention as a matter of law as their first point on appeal, it is necessary for us to first review the circuit court's ruling that appellants were too amorphous to allow intervention. Appellants argue that the circuit court erred in so ruling because their use of shorthand to identify the underwriters by reference to policy numbers clarified that all members of the relevant syndicates were being sued individually. According to appellants, the term "Underwriters," along with the policy number, is a reference to the various persons or entities who subscribe to policies as part of a Lloyd's syndicate.

Appellees counter that the circuit court correctly held that appellants were too amorphous for intervention and, moreover, that appellants have forfeited any chance to remedy any defects in their pleadings. According to appellees, the party designation of "Certain Underwriters at Lloyd's, London subscribing to [specified policies]" was insufficient, was tantamount to an attempt to proceed anonymously, and is demonstrative of the fact that the names of those "Certain Underwriters" were never offered into the record. Appellees aver that it was proper for the circuit court to deny intervention on this basis where the record does not contain the names of the alien individuals and corporations who assert that they insured appellees' policies. Moreover, appellees argue that there is no statute that gives "Certain Underwriters" the capacity or personhood necessary to proceed as intervenors.

This court has discussed the concept of a group being amorphous in the context of class-certification appeals and has made clear that a class must be susceptible to definition and

cannot be amorphous or imprecise. *Teris, LLC v. Chandler*, 375 Ark. 70, 289 S.W.3d 63 (2008). Such a rule requires that a class be defined with precision. In the instant case, appellees argue that appellants' attempt to proceed as "Certain Underwriters" rendered appellants amorphous in the sense that no one, not the parties or the court, knew the names of the actual insurers. But, appellees also argued, in this same vein, that it would be unduly burdensome to allow appellants to intervene when the names of the individuals amounted to thirty or forty thousand.

Turning first to the issue of ascertaining the names of the insurers, appellees cite to the case of *Doe v. Weiss*, 2010 Ark. 150, in support of their claim. In that case, this court affirmed the circuit court's order denying a request by the plaintiffs to proceed anonymously. The plaintiffs, who were undocumented aliens, filed suit using pseudonyms against the director of the Department of Finance and Administration challenging the constitutionality of a statute requiring, among other things, proof of an individual's social security number and lawful immigration status before issuing a driver's license or identification card to that person. This court concluded that the circuit court did not abuse its discretion in finding that the appellants did not provide a sufficient reason to permit the use of pseudonyms to overcome the prejudice that the State would incur trying to defend an action against an anonymous party. *Id.*

Clearly, the decision in *Doe* is inapposite. Appellants have never sought to proceed anonymously, despite appellees' repeated assertions that appellants were attempting to proceed under a "cloak of anonymity." Moreover, nothing in *Doe* speaks to appellees' contention that "Certain Underwriters" is an unincorporated association not capable of suing or being sued

in Arkansas courts. It is true that an unincorporated association cannot, in the absence of a statute authorizing it, be sued in its societal or company name, but all the members must be made parties, since such bodies have, in the absence of statute, no legal entity distinct from that of their members. *Baskins v. United Mine Workers of Am.*, 150 Ark. 398, 234 S.W. 464 (1921). In *Curators of Central College v. Bird*, 148 Ark. 323, 229 S.W. 730 (1921), this court explained that suits must be instituted or defended by persons, either natural or artificial. Here, appellees aver, without any proof, that "Certain Underwriters" is an unincorporated association, but this allegation is contrary to the evidence.

During the hearing, counsel for appellants stated that the underlying action involved sixty-three insurance policies that were made up of thirty-three different syndicates, with those syndicates consisting of an estimated thirty or forty thousand individual names. As appellants pointed out, however, they attached to their motions to intervene affidavits of defendant brokers who actually dealt with appellees. Therein the defendant brokers averred that they had identified each of the policies at issue and all of the syndicates on those policies. The defendant brokers further averred that they had access to a list of the subscribers, otherwise known as the underwriters, and that they believed this information had been produced by counsel during discovery at appellees' request.

Accordingly, we agree with appellants that their mere use of the shorthand reference "Certain Underwriters" to describe the numerous insurers of these policies did not render them amorphous such that it was proper for the circuit court to deny their motion to intervene as a matter of right.

SLIP OPINION

### III.  *Rule 24(a)(2) Requirements*

We turn now to the three requirements of Rule 24(a)(2), which must be demonstrated when a party seeks to intervene as a matter of right.  Appellants argue that the circuit court erred in denying their motion to intervene as a matter of right because they are necessary parties to the suit between appellees and defendants below.  Moreover, appellants assert that they satisfy the three requirements for intervention as a matter of right because (1) they have a recognized interest in the subject matter of the lawsuit; (2) the disposition of the lawsuit may impair their interests; and (3) their interests in the lawsuit are not adequately represented by the existing parties.

Appellees counter that appellants never met their burden of proving that they were the insurers of the appellees' policies, or that the lawsuit between appellees and defendants would affect their interests.  According to appellees, appellants failed to prove that they were parties to the insurance contracts with the plaintiffs and offered no proof that appellants and the insurers were the same.  Appellees further assert that their complaint did not give rise to an interest or threaten any impairment to appellants, particularly where they abandoned their claim for a declaratory judgment and now sought an award of restitution by the defendant brokers who violated applicable statutory law by placing the surplus–lines insurance with unapproved companies.

Intervention as a matter of right is governed by Rule 24(a), which states as follows:

> (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when the statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or

transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Ark. R. Civ. P. 24(a)(1)–(2) (2014).  Thus, this court has held that when a petitioner seeks to intervene as a matter of right pursuant to Rule 24(a)(2), he must satisfy three requirements: (1) that he has a recognized interest in the subject matter of the primary litigation, (2) that his interest might be impaired by the disposition of the suit, and (3) that his interest is not adequately represented by existing parties.  *Med. Park Hosp.*, 357 Ark. 316, 166 S.W.3d 19; *Billabong Prods., Inc.*, 278 Ark. 206, 644 S.W.2d 594.  This court has further held that, if a party meets all three factors under Rule 24(a)(2), intervention as a matter of right cannot be denied.  *Pearson*, 325 Ark. 127, 924 S.W.2d 460.[4]

The crux of appellants' argument and, in fact, their point made throughout the intervention process, is that the insurance contracts at issue in this case are not contracts between appellees and the defendant brokers; rather, they are contracts between appellees and appellants, the underwriters.  Although appellees assert that appellants never proved that they are the actual insurers, such an argument is unavailing when, as we previously stated, the defendant brokers submitted affidavits identifying the syndicates who subscribed to the policies and explaining the process for identifying each underwriter who is a member of those syndicates.

---

[4]The question whether a party timely sought intervention under Rule 24(a) is usually treated as a threshold inquiry. *See Kelly v. Estate of Edwards*, 2009 Ark. 78, 312 S.W.3d 316. In the present case, however, appellees have abandoned any argument they raised below that appellants did not timely seek to intervene here.

14

It is clear under Arkansas law that a policy of insurance is a contract between an insurer and an insured, designating the coverage to be provided pursuant to the parties' agreed–upon terms. *Shelter Gen. Ins. Co. v. Williams*, 315 Ark. 409, 867 S.W.2d 457 (1993). The underlying class action seeks to have those contracts voided on the basis that the defendant brokers placed the surplus-lines insurance with unapproved insurers. Although appellees would have us focus on the alleged conduct of the brokers, we cannot ignore the fact that the end result sought by appellees focuses on the validity of the contracts themselves. Likewise, the fact that appellees now seek the remedy of restitution instead of a declaratory judgment does not negate the interests that appellants have in contracts to which they are parties. Thus, we are persuaded that appellants demonstrated that they have an interest in the subject matter of the litigation.

We must next determine whether appellants have an interest that might be impaired by the disposition of appellees' lawsuit if it proceeds without appellants. Generally, if a person seeking intervention will be left with the right to pursue his own independent remedy against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention of right. *Billabong Prods., Inc.*, 278 Ark. 206, 644 S.W.2d 594. This is the key determination to be made when considering the second requirement for intervention as a matter of right. In discussing this issue, the court of appeals explained that intervention of right by a son in his parents' divorce case was warranted, stating as follows:

> Clearly, appellee had an interest in the real property of his parents that was not adequately represented by either of his parents in their divorce proceeding. It is also apparent that appellee's interest in the property would be impaired by the public

auction of his parents' property following their divorce. If the thirty-eight-acre parcel of land had been sold at public auction, appellee would not have been left with a remedy against his parents. Therefore, appellee adequately demonstrated that he was entitled to intervene as a matter of right.

*Bradford v. Bradford*, 52 Ark. App. 81, 89–90, 915 S.W.2d 723, 728 (1996). Similarly, in *UHS of Ark., Inc.*, 296 Ark. 97, 752 S.W.2d 36, a case relied on by appellants in support of their assertion that their interests will be impaired if they are not allowed to intervene, this court held that the appellant should have been allowed to intervene in a declaratory-judgment action regarding the applicability of an amendment to a statute. In so ruling, this court noted that it was obvious that the appellant's interest was not adequately represented, as the appellant contended that a provision of the act was unconstitutional but none of the original parties on either side of the case had any interest in finding the legislation unconstitutional. *Id.*

In the present case, it may be true that the brokers have interests in proving that appellants were approved to insure risks in Arkansas. But, the defendant brokers do not have the same compelling interests in proving the validity of each of the insurance contracts. Moreover, appellants' ability to take any further action on those contracts may be impaired. As such, appellants have satisfied the second requirement under Rule 24(a)(2) that they have sufficient interests that may be impaired if they are not allowed to intervene.

We turn now to the final requirement under Rule 24(a)(2) to determine whether appellants' interests are adequately represented by another party. This court has held that the party opposing intervention bears the burden of persuasion to demonstrate that the

SLIP OPINION

intervenor's interests are adequately represented by existing parties. *Matson, Inc. v. Lamb & Assocs. Packaging, Inc.*, 328 Ark. 705, 947 S.W.2d 324 (1997). Appellees, in opposing appellants' claim that the broker defendants do not adequately represent their interests, point to the fact that appellants' counsel are the same counsel representing the defendant brokers, and that appellants and the defendant brokers have raised the same defenses to the complaint. Appellants counter that the defendant brokers are neither insurers nor parties to the insurance contracts that appellees seek to invalidate and that the brokers are mere middlemen or intermediaries between the contractual parties and, thus, do not adequately protect their interests.

In support of their argument that their interests are not identical to those of the defendant brokers, appellants cite to this court's decision in *Matson*. There, the plaintiffs filed suit against their contractor's surety, rather than their contractor, alleging claims for construction defects and breach of contract. This court held that the contractor should properly be allowed to intervene, noting that while the surety and the contractor shared counsel and had the same interest in disputing any breach of contract "at this stage of the proceedings, it [was] apparent that their interests would diverge if [the plaintiffs] were able to demonstrate that [the contractor] breached the construction contract." *Id*. at 710, 947 S.W.2d at 326. The court further noted that there was an indemnity agreement between the contractor and the surety and, thus, the contractor's interest in asserting the obligations of the construction contract were not the same as the surety's. *Id*.

Here, the primary goal of the defendant brokers is to prove that they acted in conformity with the applicable statutory provisions governing the placement of surplus-lines insurance. Appellants, on the other hand, have an interest in defending their legal status as an approved insurer with regard to their past, present, and future contracts for insurance issued in this state. Simply because appellants and defendant brokers have some similar interests does not mean that all of appellants' interests in the contracts are protected by the defendant brokers.

As demonstrated by our decision in *Matson*, it is not enough for appellees to rely on the fact that appellants and the defendant brokers have the same counsel and similar defenses when it is appellees that bear the burden of persuasion in this instance. Thus, we agree with appellants that their interests, which include proving that they are approved insurers and that all policies issued are valid, are ultimately different than the defendant-brokers' interests when their ultimate goal is to deny any personal liability for premiums paid to appellants to procure insurance.

Having determined that the circuit court erred in denying appellants' motion to intervene as a matter of right, it is not necessary for us to address appellants' alternative argument that the circuit court erred in denying their motion for permissive intervention. Lastly, we note that there is no merit to appellees' claim that this court should summarily affirm the circuit court's denial of intervention on the basis that appellants failed to challenge all the grounds for denial of intervention. More specifically, appellees assert that they raised two independent grounds in opposition to appellants' motion, namely that appellants failed

to rebut their argument that it would be "unduly burdensome" to add defendants to the instant litigation and that it was too late to amend deficiencies in appellants' intervention motions and pleadings. In support, appellees cite to this court's decision in *Evangelical Lutheran Good Samaritan Society v. Kolesar*, 2014 Ark. 279, holding that when a circuit court bases its decision on more than one independent ground, and the appellant challenges fewer than all those grounds on appeal, we will affirm without addressing any of the grounds.

Appellees are simply incorrect that appellants failed to address the argument that adding appellants would be unduly burdensome to appellees. Appellants spend a great portion of their brief discussing their role as necessary parties as they are the parties to the insurance contract and, thus, it cannot be unduly burdensome to add them. Further, appellants discuss at length that there was no deficiency in the way they sought to intervene. Appellees' argument on this point is simply unavailing.

Reversed and remanded.

BAKER and HART, JJ., concur.

**JOSEPHINE LINKER HART, Justice, concurring.** I concur in the result, but write separately for two reasons. First, I disagree with the majority's conclusion that the proper standard of review should be de novo. Second, the majority fails to address all of the reasons why the circuit court denied the Underwriters' motion to intervene.

The standard of review should be abuse of discretion. It is black-letter law that judicial discretion means:

discretion bounded by rules and principles of law, and not arbitrary, capricious, or unrestrained. It is not the indulgence of judicial whim, but the exercise of judicial judgment, based on facts and guided by law or the equitable decision or what is just and proper under the circumstances. It is legal discretion to be exercised in discerning the course prescribed by law and is not to give effect to the will of the judge, but to that of the law ... A liberty or privilege to decide and act in accordance with what is fair and equitable under the peculiar circumstances of the particular case, guided by the spirit and principles of the law.

Black's Law Dictionary 467 (6th ed. 1990). This standard of review does not give the circuit court carte blanche or shield a circuit court's decision from review. This court has held that a clearly erroneous interpretation or application of a law or rule will constitute a manifest abuse of discretion. *Little Rock Wastewater Util. v. Larry Moyer Trucking, Inc.*, 321 Ark. 303, 902 S.W.2d 760 (1995); *see Shelton v. State*, 2009 Ark. 388, 326 S.W.3d 429 (decision to grant a mistrial on the basis of overruling necessity reversed).

Contrary to the majority's assertions, I believe that a standard of review has already been established. In *Hunter v. Runyan*, 2011 Ark. 43, 382 S.W.3d 643, this court stated:

> Permissive intervention is a matter within the circuit court's discretion and is subject to the abuse-of-discretion standard of review. *Billabong Prods., Inc. v. Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983). When intervention of right is at issue, however, our standard of review has not been set forth when the denial is based on the failure to meet the requirements of Rule 24 rather than on the untimeliness of the motion. *DeJulius* [*v. Sumner*, 373 Ark. 156, 159-60 n 3, 282 S.W.3d 753, 755 n. 3 (2008)]. There are no issues of timeliness raised in the present appeal. The parties in the present case have agreed, without briefing the issue, that the appropriate standard of review to be applied here is abuse of discretion. We are hesitant to set forth a standard of review when the parties on appeal have not addressed the issue. However, to remain consistent with our approach in *DeJulius*, we will apply the abuse-of-discretion standard in reviewing these two motions.

*Id*. at 18, 382 S.W.3d at 653. The doctrine of stare decisis requires that we continue to apply the abuse-of-discretion standard. Furthermore, there is no dispute that a circuit court's

20

decision regarding the *timeliness* of filing a motion to intervene as a matter of right is reviewed under the abuse of discretion standard. *Cupples Farms P'ship v. Forrest City Prod. Credit Ass'n*, 310 Ark. 597, 839 S.W.2d 187 (1992). There is nothing to be gained by dividing the standard of review—reviewing decisions involving timeliness of a motion for an abuse of discretion and the content of the motion de novo. If we must resort to persuasive authority, the Arkansas Court of Appeals has concluded that the standard of review is not an open question. *Christian v. McVesting*, LLC, 2014 Ark. App. 509, 443 S.W.3d 578; *Winn v. Bonds*, 2013 Ark. App. 147, 426 S.W.3d 533; *Bradford v. Bradford*, 52 Ark. App. 81, 915 S.W.2d 723 (1996).

The abuse-of-discretion standard for all parts of Rule 24 would be consistent with how we review the application of the ministerial aspects of the Arkansas Rules of Civil Procedure. Where this court has opined on the standard of review, it has, with very few exceptions, uniformly reviewed the circuit court's actions under an abuse-of-discretion standard. *See Ward v. Dapper Dan Cleaners and Laundry, Inc.*, 309 Ark. 192, 828 S.W.2d 833 (1992) (Rule 11); *T.H. Epperson & Son, Inc. v. Robinson*, 274 Ark. 142, 622 S.W.2d 668 (1981) (Rule 15); *Carpetland of N.W. Ark., Inc. v. Howard*, 304 Ark. 420, 803 S.W.2d 512 (1991) (Rule 18); *Yamauchi v. Sovran Bank/Central South*, 309 Ark. 532, 832 S.W.2d 241 (1992) (Rule 19); *Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995) (Rule 23); *S. Coll. of Naturopathy v. State ex rel. Beebe*, 360 Ark. 543, 203 S.W.3d 111 (2005) (Rule 33); *Calandro v. Parkerson*, 333 Ark. 603, 970 S.W.2d 796 (1998) (Rule 37); *Bolden v. Carter*, 269 Ark. 391, 602 S.W.2d 640 (1980) (Rule 40); *Ballard Group, Inc. v. BP Lubricants*

*USA, Inc.*, 2014 Ark. 276, 436 S.W.3d 445 (Rule 41); *Mo. Pac. R.R. Co. v. Ark. Sheriff's Boys' Ranch,* 280 Ark. 53, 655 S.W.2d 389 (1983) (Rule 42); *Goodwin v. Harrison*, 300 Ark. 474, 780 S.W.2d 518 (1989) (Rule 47); *Zhan v. Sherman*, 323 Ark. 172, 913 S.W.2d 776 (1996) (Rule 54); *Cammack v. Chalmers*, 284 Ark. 161, 680 S.W.2d 689 (1984) (Rule 55); *Schrader v. Bell*, 301 Ark. 38, 781 S.W.2d 466 (1989) (Rule 59); *Stautzenberger v. Stautzenberger*, 2013 Ark. 148, 427 S.W.3d 17 (Rule 60); *Chapin v. Stuckey*, 286 Ark. 359, 692 S.W.2d 609 (1985) (Rule 66). The notable exceptions are Rule 12, Rule 56, and Rule 65—but only Rule 65 is subject to de novo review. That standard of review is attributable to the fact that seeking an injunction is a request for equitable relief. Cases that sound in equity are always reviewed de novo. *See*, *e.g.*, *Foust v. Montez-Torres*, 2015 Ark. 66, ___ S.W.3d ___. In short, the standard of review should be abuse of discretion.

Second, the majority fails to address all of the reasons why the circuit court denied the Underwriters' motion to intervene. The appellees made this very point during oral arguments. The circuit court denied intervention, finding as follows:

> The Court finds Plaintiffs' arguments regarding the amorphous nature of the applicant for intervention persuasive.

> The other argument of Plaintiffs' counsel against the motion to intervene are also persuasive and contribute to this decision.

Accordingly, all of the reasons articulated by the appellees must be addressed by the Underwriters on appeal or the circuit court's order must be summarily affirmed. *See United Food & Commercial Workers Int'l Union v. Wal-Mart Stores, Inc.*, 2014 Ark. 517, 451 S.W.3d 584.

I summarize the appellees' arguments to the circuit court as follows:

1. Suits against an unincorporated association under Rule 23.3 require a named representative member and recoverable common assets. The plaintiffs assert that no underwriter has stepped forward to serve as representative.

2. Allowing intervention by "Certain Underwriters" would leave the Court with no one against whom to enforce its orders, and would be a wholesale violation of the preference for open courts. The plaintiffs claim that allowing intervention would be allowing them to litigate under a "cloak of secrecy."

3. No statute gives the Underwriters capacity to intervene this way. The plaintiffs argue that the Underwriters' misplaced their reliance on *Lewelling v. Manufacturing Wood-Workers' Underwriters*, 140 Ark. 124, 215 S.W. 258 (1919), for the proposition that a statute (there Act 157 of 1915) could confer upon an unincorporated associate the capacity to be sued. 4. The Underwriters cannot be "defendants" if we have not made claims against them. The plaintiffs argue that the Underwriters have not established that they are subject to pay a potential judgment, directly or indirectly.

Neither the Underwriters, nor the majority, directly address these arguments. Nonetheless, the first two arguments are fairly well covered as the Underwriters challenge the circuit court's finding that, as a group, the Underwriters were "too amorphous" to be allowed to intervene. I am likewise satisfied that the third argument is covered by the Underwriters' extensive discussion of their right to intervene as granted by Rule 24. The fourth argument, is more difficult to dispose of, though not because of its persuasiveness. I have decided that it is subsumed by the Underwriters' argument concerning its right to intervene. In essence, they contend that their right to intervene is not controlled by appellees, so the appellees' failure to make them defendants is of no moment.

BAKER, J., joins.

*Friday, Eldredge & Clark, LLP*, by: *David D. Wilson*;
*Clark S. Brewster, PLLC*, by: *Clark S. Brewster*; and
*Fields Howell*, by: *Paul L. Fields, Jr.*, and *Gregory L. Mast*, for appellants.

*Ludwig Law Firm, PLC*, by: *Gene A. Ludwig* and *Ryan K. Culpepper*, for appellees.