Cite as 2025 Ark. 205

# SUPREME COURT OF ARKANSAS

No. CV-24-754

ERIKA LARA, KATIE PARRISH, AND NIKITA GLENDENNING

APPELLANTS

V.

GWEN FAULKENBERRY, SPECIAL RENEE SANDERS, ANIKA WHITFIELD, AND KIMBERLY CRUTCHFIELD

APPELLEES

Opinion Delivered: December 11, 2025

APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-24-4630]

HONORABLE MORGAN E. WELCH, JUDGE

REVERSED AND REMANDED.

**BARBARA W. WEBB, Justice**

Erika Lara, Katie Parrish, and Nikita Glendenning appeal from an order of the Pulaski County Circuit Court denying their motion to intervene[1] in a lawsuit challenging the constitutionality of a portion of the LEARNS Act. On appeal, they argue that they are entitled to intervene of right because (1) as the beneficiary of a government program they have an interest sufficient to justify their right to defend the program; (2) shutting down the Arkansas Education Freedom Account program and clawing back past tuition payments

---

[1]The circuit court denied Appellants both intervention by right and permissive intervention. Because we have determined that the circuit court erred in denying the Appellants intervention by right, it is unnecessary for us to address permissive intervention.

would impair their interests; and (3) the government cannot adequately represent their narrow, personal interests in the program.

## I. *Facts*

In 2023, the Arkansas General Assembly enacted Act 237, which is known as the "LEARNS Act."[2] Section 42 of the Act created a program referred to as the Arkansas Children's Education Freedom Account (Education Freedom Account) program. The Education Freedom Account program provided funds to help defray the expenses incurred by parents that chose to home-school their child or enroll their child in a private school.

Appellees sued various state actors in their official capacities,[3] alleging that the LEARNS Act violates article 14, sections 1 through 3, and article 16, section 11 of the Arkansas Constitution. Accordingly, the Appellees made a claim that the Education Freedom Account program is a public- funds illegal exaction. The Appellees sought to stop payments for private-school tuition and those funds to be paid to vendors on behalf of home-school parents. The Appellees also sought to claw back funds that had already been provided.

Appellants, parents of children eligible for the Education Freedom Account program, moved to intervene. Seeking intervention of right and, alternatively, permissive intervention, they asserted that they had a financial interest in the Education Freedom Account program because it provides more than $6600 for private-school tuition, or

---

[2]LEARNS is an acronym for Literacy, Empowerment, Accountability, Readiness, Networking, and School Safety.

[3]Education Secretary Jacob Oliva; Chair of the State Board of Education; Dr. Sarah Moore; Vice-Chair Kathy McFetridge-Rollins; Board Members Lisa Hunter, Jeff Wood, Randy Henderson, Adrienne Woods, Ken Bragg, Leigh S. Keener; Governor Sanders; and Arkansas Department of Finance and Administration Secretary Jim Hudson.

approved expenditures for home-schooling, that makes the education of their children more affordable. Appellants further contended that they would represent a perspective in the lawsuit that the state actors could not adequately present.

The Pulaski County Circuit Court denied Appellants' motion. It found that they were not entitled to intervention of right because (1) they lacked a "direct, substantial, and legally protectible interest" in the Educational Freedom Account program; (2) the disposition of this action does not pose a threat to the parents' ability to protect "any interest they might have in the matter"; and (3) any interest the parents may have in the matter is adequately represented by an existing party." Appellants timely filed this interlocutory appeal.

## II. *Standard of Review*

We review de novo a circuit court's decision denying intervention as a matter of right. *Certain Underwriters at Lloyd's, London v. Bass*, 2015 Ark. 178, 461 S.W.3d 317. Under Arkansas Rule of Civil Procedure 24(a)(2), a party is entitled to intervene when it has made a timely application and "claims an interest relating to the property or transaction which is the subject of the action and [the party] is so situated that the disposition of the action may as a practical matter impair or impede [the party's] ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

## III. *Argument and Analysis*

### A. Timeliness

Appellants filed their motion to intervene just eleven days after Appellees filed their complaint. There was no dispute that the motion was timely.

## B. Recognized Interest

We next consider whether the Appellants have a recognized interest in the Education Freedom Account program. In *Cherokee Nation Businesses, LLC v. Gulfside Casino Partnership*, 2021 Ark. 17, 614 S.W.3d 811, we held that to satisfy the recognized interest in the subject matter of the litigation, the interest must be "direct, as opposed to tangential or collateral" and that the interest must be both "substantial" and "legally protectable." A "recognized interest" arises when, as a result of a ruling on a governmental regulation, the putative intervenor would suffer "economic damage." *Id.* (citing *UHS of Ark., Inc. v. City of Sherwood*, 296 Ark. 97, 103, 752 S.W.2d 36, 38–39 (1988)). Further, the *Cherokee* court rejected the idea that the requirement for a "recognized interest" is satisfied only by a "present enforceable interest."

In the case before us, Appellants would clearly suffer an economic loss if the voucher program was held to be unconstitutional. Loss of $6600 that they could put toward private-school tuition or home-school expenses is clearly an economic loss. Likewise, the disposition of this action *directly* affects the Appellants' interest in the Education Freedom Account program. Finally, the claw-back provisions in the Appellees' complaint directly threatened the Appellants' resources. We hold that the Appellants have established a recognized interest in the lawsuit.

## C. Adequate Representation by State Actors

The Appellants explain at length how the ability to pay for public-school alternatives have made a crucial difference in the lives of their school-age children. In essence, they put a human face on the learning opportunities represented by the Education Freedom Account

program. Conversely, the state actors' primary focus is on the broad overhaul of public education in Arkansas. This distinction is pivotal in this case. We have held that a litigant's interest is adequately represented when it is identical to, or not significantly different from, that of the proposed intervenor. *Matson, Inc. v. Lamb G Assocs. Packaging, Inc.*, 328 Ark. 705, 709–10, 947 S.W.2d 324, 326 (1997)." We are persuaded by the court's reasoning in *Cherokee Businesses* when it rejected the idea that Cherokee Businesses' interests were adequately represented by busy state actors—the Arkansas Gaming Commission and the Department of Finance and Administration—because it was not their "sole interest." *Cherokee Businesses*, *supra*. Likewise, in the case before us, the Department of Education, necessarily has a much broader focus than the Appellants' narrow concern over the education of their children. As they emphasized in oral argument, the Appellants' participation in the case has the potential to provide a court of equity valuable evidence when it attempts to weigh the equities implicated by the Appellees' complaint. We hold that the state actors do not adequately represent the interests of the putative intervenors.

### D. Conclusion

In our de novo review, we conclude that the Appellants are entitled to intervene as a matter of right. We therefore reverse and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

Special Justice BUD CUMMINS joins.

BAKER C.J., and Special Justices BARBARA HALSEY and CORY COX dissent.

5

WOOD, HILAND, and BRONNI, JJ., not participating.

**KAREN R. BAKER, Chief Justice, dissenting.** Because the companion case, *Arkansas Department of Education v. Faulkenberry*, 2025 Ark. ___, implicates sovereign immunity, I must dissent from the result reached by the majority. As explained in my dissenting position in that case, *Board of Trustees of the University of Arkansas v. Andrews*, 2018 Ark. 12, 535 S.W.3d 616, requires that the appeal be reversed and dismissed. Therefore, I would not reach the merits of the present appeal—the circuit court's denial of appellees' motion to intervene—and would instead dismiss on the basis of sovereign immunity. Accordingly, I respectfully dissent.

Special Justices BARBARA HALSEY and CORY COX join.

*King Law Group, PLLC*, by: *W. Whitfield Hyman*; *Michael E. Bindas*, Institute for Justice, Seattle, WA; *Joseph R. Gay*, Institute for Justice, Arlington, VA; and *Thomas M. Fisher* and *Bryan G. Cleveland*, EdChoice Legal Advocates, for appellants.

*Richard Mays Law Firm, PLLC*, by: *Richard H. Mays*, for appellees.