Cite as 2021 Ark. App. 445

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-20-688

| | |
|---|---|
| | **Opinion Delivered** November 17, 2021 |
| JOHN PATRICK CULLEN<br>APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CV-20-895] |
| V. | |
| ALLSTATE INSURANCE CO., KATHI JO BRINKLEY, AND KATIE KNIGHT<br>APPELLEES | HONORABLE LYNN WILLIAMS, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

John Patrick Cullen, an inmate in the Arkansas Department of Correction, appeals the circuit court's orders dismissing his complaint against Allstate Insurance Company (Allstate) and Kathi Jo Brinkley. Because Cullen has not properly developed an argument on appeal addressing the dismissals, we affirm the circuit court's orders.

In early 2018, Brinkley was an independent contractor for Allstate, and Katie Knight was her employee. Brinkley and Knight reported Cullen's presence on Allstate's property to the Hot Springs Police Department several times; their complaints included trespass, aggravated assault, and sexual assault. In September 2019, Cullen pled guilty to second-degree sexual assault and was sentenced to six years' imprisonment.

On 3 August 2020, the Garland County Circuit Court granted Cullen leave to proceed in forma pauperis, and he filed a complaint against Allstate, Brinkley, and Knight. The complaint alleged that the defendants had filed false reports that resulted in his arrest

for criminal trespass, aggravated assault, harassment, and second-degree sexual assault. Cullen requested $1 million in damages for slander, libel, defamation, public humiliation, false imprisonment, pain and suffering, and mental anguish. Allstate and Brinkley were served with this complaint; Knight was not.

On September 28, Allstate moved to dismiss the complaint on several bases, including: (1) Cullen had attempted service on Allstate by delivering a copy of the Allstate summons to separate defendant Brinkley, who is not the appropriate person for in-state service under Ark. R. Civ. P. 4, thus process is insufficient; (2) this is Cullen's second insufficient attempt at service, so the complaint should be dismissed with prejudice;[1] (3) the complaint fails to comply with Ark. R. Civ. P. 10, as most of the complaint is illegible and includes heavily redacted exhibits, preventing Allstate from identifying the claims against it; and (4) failure to state a claim for which relief may be granted. Brinkley also moved to dismiss and largely mirrored Allstate's arguments.

On October 21, Cullen requested an extension of time, specifically ninety days, in which to respond to the motions to dismiss. Allstate opposed the request, explaining that Cullen had received the motion to dismiss on 30 September 2020 and that his response was due by 16 October 2020. Therefore, his motion for extension of time was filed after the time for his response had expired.

---

[1]Cullen previously filed a defamation lawsuit against the same defendants on 4 January 2019; that action was dismissed without prejudice on 8 May 2020 after Cullen failed to obtain service of process on any of the defendants within the time allowed.

On 28 October 2020, the circuit court denied Cullen's motion for extension of time and granted Allstate's and Brinkley's motions to dismiss. The dismissals found that "[a]fter a review of the motion and brief, and no response from the Plaintiff, the Defendant's Motion to Dismiss is granted."

On October 29, Cullen filed a response to the motions to dismiss and an addendum to his complaint. He also requested that the court subpoena Brinkley's prescription-drug records and moved to compel certain documents from the defendants. On November 4, Cullen replied to Allstate's opposition to his motion for extension of time and moved to compel Brinkley to answer interrogatories.

On 5 November 2020, Cullen filed a notice of appeal "from the final Order of the Circuit Court . . . entered on October, [sic] 28, 2020." He also filed a written request to appeal the circuit court's order and asked the circuit court to reverse its order to dismiss. In a separate pleading, he argued that the dismissal should be without prejudice.

On 9 November 2020, Cullen petitioned for leave to proceed with his appeal in forma pauperis and filed a second notice of appeal. On November 10, the circuit court granted leave to proceed in forma pauperis. Cullen filed several other motions in November 2020: a motion to refile his complaint, a motion for the court to reverse the dismissal or dismiss without prejudice, and a motion for reconsideration. The circuit court did not rule on any of these motions.

In his brief, Cullen argues that the defendants below committed defamation by filing false reports with the Hot Springs Police Department. He provides handwritten copies of the police reports and victim statements, which he asserts "will prove my claims of

3

defamation to the true & accurate beyond any doubt[.]" He also requests the sum of one thousand dollars for each day of confinement (a total of $744,000).

In response, Allstate first asserts that jurisdiction is not proper in this court because Cullen is attempting to proceed in forma pauperis solely on a defamation claim and has abandoned the other claims in his complaint. Allstate explains that defamation necessarily consists of either the spoken word (slander) or the written word (libel), *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 69 S.W.3d 393 (2002), and Ark. R. Civ. P. 72(d) does not allow a person to prosecute any action of slander, libel, or malicious prosecution in forma pauperis. Allstate also argues that (1) Cullen has failed to identify the specific order that he is appealing, (2) Cullen's argument on appeal is not supported by any developed argument or citation to authority, (3) Allstate's motion to dismiss based on insufficient service of process was properly granted, and (4) Cullen's complaint failed to state a claim of defamation.

Cullen's reply brief contains the following retorts. He denies that jurisdiction is improper because he was granted leave to proceed by the circuit court. He asserts that he has not "abandoned" any claims and that the evidence supports all his original claims. He also denies that Allstate's service was insufficient because it has responded to the complaint ("been in this fight from the beginning"). Regarding which circuit court orders he is appealing, he points to the circuit court's order(s) dismissing his case and also the circuit court order dismissing his 2019 complaint (see footnote 1). And finally, he explains that his lack of citation to authority is due to his inability to access the prison's law library, which closed due to COVID-19.

We hold that this case presents no jurisdictional obstacle. The court's orders of dismissal are appealable orders, Cullen filed a timely notice of appeal, and he was granted leave to proceed in forma pauperis. His argument on appeal focuses on defamation and not the orders of dismissal, but that does not mean we lack jurisdiction to decide the case. We also hold that we have no difficulty ascertaining which orders are being appealed. Cullen specified 28 October 2020 in his notice of appeal, the date that the circuit court entered the identical orders of dismissal for Allstate and Brinkley. While it is clear that Cullen is appealing the dismissals, the problem is that he does not articulate an argument on appeal relevant to the dismissals.

The circuit court entered three orders on 28 October 2020—an order denying Cullen's motion for extension of time, an order granting Allstate's motion to dismiss, and an order granting Brinkley's motion to dismiss. On appeal, Cullen does not develop an argument explaining how the circuit court erred in granting the motions. He does note that he filed a motion for extension of time that was denied because "[he] was two days late in filing [his] motion," and he contends that "this should be grounds for appeal" because he did not know how long he had to respond, and the law library was not accessible. But this argument is made in his reply brief, and an argument made for the first time in a reply brief comes too late and will not be considered by this court. *Sanders v. Passmore*, 2016 Ark. App. 370, 499 S.W.3d 237.

Cullen also fails to cite any legal authority, and we will not consider arguments not supported by convincing argument or citation to legal authority. *Robinson v. MidFirst Bank*, 2014 Ark. App. 342. Our court will not make an appellant's argument for him or consider

an argument that is not properly developed. *Teris, LLC v. Chandler*, 375 Ark. 70, 289 S.W.3d 63 (2008). The failure to cite legal authority or develop a point legally or factually is reason enough to affirm the circuit court's order. *Williams v. Baptist Health*, 2020 Ark. 150, 598 S.W.3d 487 (citing *Walters v. Dobbins*, 2010 Ark. 260, 370 S.W.3d 209).

Although Cullen is representing himself in this matter, pro se appellants are held to the same standard as those represented by counsel and receive no special consideration of their argument. *Robinson*, *supra*. Cullen has not developed his arguments, cited to relevant authority, or specified any grounds on which we might reverse. Therefore, we affirm.[2]

Affirmed.

HIXSON and MURPHY, JJ., agree.

*John Patrick Cullen*, pro se appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Stuart P. Miller* and *Lindsey C. Vechick*, for separate appellee Allstate Insurance Co.

*Gregory Crain*, for separate appellee Kathi Jo Brinkley.

---

[2]Cullen moved to supplement the record on 15 November 2021. We deny the motion.