Cite as 2024 Ark. App. 65

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-22-357

| | | |
|---|---|---|
| | | **Opinion Delivered** January 31, 2024 |
| LETICIA M. SANDERS | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60CV-21-6841] |
| V. | | |
| | | HONORABLE MACKIE M. PIERCE, JUDGE |
| JLP, LLC | APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

This case involves an unlawful-detainer action filed by appellee JLP, LLC, against appellant Leticia Sanders and other occupants of residential property located at 15 Havenwood Lane in Maumelle, Arkansas, which is owned by JLP and had been leased to Sanders. The trial court entered a writ of possession in favor of JLP, thereby evicting Sanders from the property, and also awarded JLP $5600 in damages for unpaid rent. Sanders now brings this pro se appeal in which she lists several points for reversal. We affirm.

On September 2, 2020, Aligned Property Management—the agent for JLP—entered into a lease agreement with Sanders whereby Sanders agreed to lease the subject property from September 3, 2020, through September 2, 2021, at a rate of $1400 a month. The terms of the lease agreement provided that, after September 2, 2021, the tenancy shall be month

to month until terminated. The lease agreement provided that thirty days' notice was required by either party to terminate the lease and that the thirty-day notice was required in the event that a month-to-month status was entered. Further, the lease agreement provided that the lessee must not hold over beyond the date stated in the move-out notice to vacate and that, if a holdover occurred, the lessor was entitled to damages for the holdover period.

On September 2, 2021, at the expiration date of the lease term, Aligned Property Management provided Sanders with a written notice of nonrenewal of lease, advising Sanders that the lease would not be renewed and that failure to vacate the property by October 2, 2021, would result in legal proceedings against her to recover possession of the premises. When Sanders did not vacate the property as directed, JLP's attorney caused a notice of unlawful detainer to be served on Sanders on October 21, 2021, advising her to remove herself from the property within three days or legal proceedings would be instituted against her. Sanders failed to vacate the property within three days.

On October 26, 2021, JLP filed a complaint in unlawful detainer against Sanders in which it prayed for a writ of possession ordering Sanders to vacate the premises. Because JLP could not perfect service of the complaint on Sanders, it filed an affidavit for a warning order on November 11, 2021, pursuant to Arkansas Rule of Civil Procedure 4(g)(3). In the affidavit for warning order, JLP's attorney stated that JLP had attempted to serve Sanders through a process server but that, despite repeated attempts, the process server had been unable to serve Sanders. The affidavit stated that JLP had reason to believe that Sanders was still residing on the premises but had successfully evaded all attempts at service. On

November 19, 2021, the trial court ordered the issuance of a warning order, which was issued by the clerk the same day. The warning order was published in *Arkansas Business*, a newspaper of general circulation, on December 6 and 13, 2021. The warning order warned Sanders to answer the complaint in lawful detainer within thirty days from the date of first publication of the warning order or face entry of judgment by default or be otherwise barred from asserting her interest.

Sanders failed to answer the complaint in unlawful detainer, and on January 7, 2022, JLP moved for writ of possession. On January 19, 2022, the trial court entered an order finding that JLP was entitled to immediate possession of the property and ordering the clerk to issue a writ of possession. The clerk issued a writ of possession on January 24, 2022, and it was served on Sanders on January 28, 2022.

Sanders first appearance in the case was on January 28, 2022, when she filed a pro se "Response to Summons Motion of Unlawful Writ of Possession." Sanders also filed a "Motion to stay" on March 3, 2022, and a "Motion to appeal the Decision" on March 8, 2022.

After a hearing held on March 8, 2022, the trial court entered an order on March 10, 2022, wherein it declined to abandon its prior order awarding JLP a writ of possession. In the March 10, 2022 order, the trial court made these findings:

> 3. Based upon the failure of [Sanders] to timely respond to [JLP's] summons, complaint and notice of intent to issue writ of possession, the Court found [Sanders was] in default and granted [JLP's] Motion for a Writ of Possession regarding the property at issue.

3

4. Defendant Sanders had provided no basis for this court to abandon its prior orders in this matter.

5. Defendant Sanders' Motion to Stay, then, is denied and [JLP] is entitled to the writ of possession granted it by this Court.

On March 18, 2022, Sanders filed a "Motion for injunction for release of my belongings" in which she claimed that JLP was unlawfully withholding her personal belongings. On March 29, 2022, Sanders filed a "Notice of Revised Language to Overturn Decision."

Another hearing was held on April 5, 2022. At that hearing, JLP asked for damages for past-due rent, and the trial court also took up Sanders's motion for the return of her belongings. At the hearing, it was established that Sanders had vacated the property on March 3, 2022. The only witness to testify was Millicent Dean. Ms. Dean testified that she is the property manager for JLP, which owns Aligned Property Management. Ms. Dean testified that the last time Sanders made a rent payment was in October 2021, which meant that she had lived rent-free on the property for four months before she was evicted.

On April 15, 2022, the trial court entered an order that awarded $5600 in damages to JLP for past-due rent. The trial court also granted Sanders's motion to release her personal property and ordered JLP to arrange for the return of those items within ten days. On May 4, 2022, Sanders filed a timely notice of appeal from the April 15, 2022 order and also appealed from all of the trial court's rulings that shaped the judgment.

Despite default judgments being disfavored by courts, issuing a default judgment when a defendant fails to timely respond to a complaint under Arkansas Rule of Civil

4

Procedure 55 is not an error of law or against the preponderance of the evidence. *Macom v. DiCresce*, 2023 Ark. App. 530, 680 S.W.3d 36. The supreme court has stated that we review a trial court's grant or denial of a motion to set aside default judgment for an abuse of discretion. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003).

Before addressing Sanders's points on appeal, we note that, although she separately lists seven points, most of these points are not argued or mentioned at all in the argument section of her brief, and the points that are mentioned are argued in single-sentence, conclusory fashion. Moreover, none of the arguments in the argument section are presented under subheadings numbered to correspond to the outline of points to be relied upon. Rule 4-2(a)(7) of the Arkansas Rules of the Supreme Court provides that arguments shall be presented under subheadings numbered to correspond to the outline of points to be relied upon. While we recognize that Sanders has filed her brief pro se, Rule 4-7(a) provides that briefs filed by self-represented parties shall substantially comply with Rules 4-1, 4-2, and 4-4, except that they may be handwritten and filed in conventional paper form.

We conclude that none of the points on appeal listed by Sanders can support reversal for the following reasons.

*Sanders's Points on Appeal*

*Point I.* JLP Failed to Attach the Lease Agreement to its Complaint in Violation of Arkansas Rule of Civil Procedure 10(d)

5

Arkansas Rule of Civil Procedure 10(d) provides that a copy of any written instrument or document on which a claim is based shall be attached as an exhibit to the pleading in which such claim is averred unless good cause is shown for its absence in such pleading. Here, Sanders's point fails because the record reflects that JLP did attach the lease agreement to its complaint in unlawful detainer.

### Point II. JLP Was Not the Proper Party to Initiate the Action

This point is not discussed at all in Sanders's argument section, and as such, it has not been developed or supported by any convincing argument or citation to legal authority. We will not consider arguments not supported by convincing argument or citation to authority. *Cullen v. Allstate Ins. Co.*, 2021 Ark. App. 445. Nor will we make an appellant's argument for her or consider an argument that is not properly developed. *Id.* The supreme court has stated that the failure to cite legal authority or develop a point legally or factually is sufficient to affirm the trial court's order. *Williams v. Baptist Health*, 2020 Ark. 150, 598 S.W.3d 487. Because this point has not been developed or supported by legal authority, it provides no grounds for reversal. *See id.*

### Point III. JLP's Witness, Millicent Dean, Gave Testimony at the Hearing Pertaining to Sanders's Rent Being Increased After the Expiration of the Lease on September 2, 2021

As with the previous point, this point is not mentioned further nor is it developed in Sanders's brief, and she offers no explanation as to the relevance of Ms. Dean's testimony in this regard as it relates to JLP's unlawful-detainer action. As such, this point provides no basis for relief on appeal.

*Point IV.*  JLP's Witness Intentionally Deceived the Court by Taking an Oath as Millicent Dean but Entering into the Lease Agreement Under the Name Millicent Ann Sears

We cannot address this point because it was not raised to the trial court.  It is well settled that we will not consider arguments raised for the first time on appeal.  *Olson v. Olson*, 2014 Ark. 537, 453 S.W.3d 128.

*Point V.*  The Trial Court Ordered JLP to Return to Sanders Her Personal Property Within Ten Days of its Order, and JLP Waited Until the Seventh Day to Allow Sanders to Retrieve Her Personal Property, Thereby Resulting in a Civil Theft

This point has no merit because the trial court's April 15, 2022 order instructed JLP to arrange for the return of Sanders's personal property within ten days, and Sanders concedes that her personal property was returned to her within that time frame.

*Point VI.*  Sanders Was in Compliance with the Lease Agreement Because She Continued Making Rental Payments by Paying Those Sums to the Clerk of the Court in a Separate Case

This point is only tersely mentioned in Sanders's argument section, where she claims that "rent was paid in Pulaski County Circuit Court with Honorable Judge Alice Gray." Although not in our record, Sanders had evidently filed some sort of retaliation claim against JLP in a different case with a different judge.  However, at the April 5, 2022 hearing, Sanders acknowledged that, although she had placed some money in the registry of the court in the separate case, all the money had been returned to her.  Because this point relates to another case not in our record and, at any rate, Sanders admitted that all the money she had deposited in the separate case had been returned to her, this point provides no basis for reversal.

*Point VII.* Sanders Was Not Properly Served with the Summons in Violation of Ark. R. Civ. P. 4(f)(1)(B) Because No Summons Was Left with a Natural Person

Here, Sanders notes that she was not personally served and states in her brief that the trial court misinterpreted Rule 4. However, the record shows that Sanders was served by warning order under Rule 4(g)(3), and Sanders neither made any argument below nor makes any argument on appeal that the service by warning order was in any way deficient.

*Additional Arguments*

We observe that, although not listed in her points on appeal, in the argument section of her brief Sanders also cites the Arkansas Fair Housing Act and the Arkansas Civil Rights Act and claims that she has been discriminated against and retaliated against. However, these arguments are conclusory and are unsupported by any factual or legal basis. Therefore, none of Sanders's additional arguments afford her any relief on appeal.

*Conclusion*

In conclusion, we hold that all of Sanders's arguments are either not preserved for review, not properly developed, or not supported by convincing argument or citation to authority. Therefore, we affirm.[1]

Affirmed.

HARRISON, C.J., and ABRAMSON, J., agree.

---

[1]We note that in its brief, JLP asks that we impose sanctions against Sanders under Arkansas Rule of Civil Procedure 11(b)(1) for taking a frivolous appeal. While we affirm the trial court's order on appeal, we decline to impose sanctions.

*Leticia Sanders*, pro se appellant.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellee.