Cite as 2024 Ark. App. 602

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-23-413

| | | |
|---|---|---|
| MELISSA KOPASKA | | Opinion Delivered December 11, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT |
| V. | | [NOS. 04CV-22-1815; 04CV-22-3382] |
| | | |
| PAULA MCNEIL | | HONORABLE JOHN R. SCOTT, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Neighbors, appellant Melissa Kopaska and appellee Paula McNeil, have been in litigation since 2019. On June 5, 2024, our court handed down *Kopaska v. McNeil*, 2024 Ark. App. 366, 690 S.W.3d 837, in which we affirmed the Benton County Circuit Court's denial of Kopaska's motion for a new trial and the judgment against Kopaska and her then boyfriend Britt Houser. The underlying facts of that case are not pertinent to this appeal. On November 8, 2023, the Arkansas Court of Appeals granted a motion to consolidate this appeal, CV-23-413, with CV-23-414.[1] In the appeal in the case before us, Kopaska argues that the Benton County Circuit Court's finding that the March 9, 2022 quitclaim-deed

---

[1]Both appeals have an identical transcript, but the pleadings portions are different.

conveyance was fraudulent and void was in error and that her homestead exemption should apply. We affirm.

On May 9, 2022, Kopaska became a judgment debtor as a result of a final judgment entered against her--in favor of McNeil as the judgment creditor--in the Benton County Circuit Court.[2] Previously, on September 1, 2021, Kopaska deeded her Benton County home[3] to Houser and herself as joint tenants. On March 9, 2022, Kopaska and Houser quitclaimed their interest in the property to the Melissa D. Kopaska Irrevocable Trust. After the May 9 judgment in excess of $266,000 was filed and recorded, McNeil filed suit on the basis of fraud to set aside the deed of the property to the trust. On July 5, 2022, McNeil filed a notice of lis pendens on the property.

On December 14, 2022, the circuit court held that the March 9, 2022 quitclaim deed was fraudulent because it was done with the intent to defraud McNeil of her judgment lien and declared it void. A week later, on December 21, Kopaska married Bruce Paris and continued to live on the property. On December 27, 2022, the circuit court entered its judgment finding that the March 9, 2022 quitclaim deed was fraudulent and void.

---

[2]The litigation began on June 6, 2019, when McNeil filed suit against Kopaska and Houser for the intentional infliction of emotional distress. Our court affirmed that decision in *Kopaska v. McNeil*, 2024 Ark. App. 366, 690 S.W.3d 837.

[3]The home located at 1406 Canal Street, Rogers, Arkansas 72758, will hereinafter be referred to as the "property."

On December 30, McNeil filed another lawsuit to foreclose on the property to pay her judgment lien. On March 14, 2023, the circuit court granted McNeil foreclosure because the March 9, 2022 conveyance was void. The circuit court explained that when it voided the fraudulent transfer, Arkansas Code Annotated section 16-65-117 (Supp. 2023) affixed to McNeil's lien on the property.[4] Therefore, the court ruled the property was subject to McNeil's prior judgment lien.

The circuit court further found that Kopaska's homestead exemption did not apply to McNeil's judgment lien on the property. The circuit court ruled that the property owned by Kopaska and Houser as joint tenants pursuant to the deed filed September 1, 2021, in Benton County was subject to a judicial foreclosure on the judgment awarded to McNeil against Kopaska. On May 9, 2022, McNeil's judgment became a lien upon the property owned by Kopaska.

While we agree with Kopaska that pursuant to Ark. Const. art. 9 § 3, her marriage to Bruce Paris entitled her to a homestead exemption, we note that she had no homestead-exemption protection until she was married on December 21, 2022. We disagree with her contention that her December 2022 marriage somehow would defeat a judgment lien that attached to her interest in the property on May 9, 2022, pursuant to Ark. Code Ann. § 16-

---

[4]Arkansas Code Annotated section 16-65-117 provides the statutory requirements for judgment liens on real estate.

65-117(a)(1)(A).[5] The circuit court appointed the Benton County Circuit Clerk as commissioner to sell the property with the proceeds to be used to pay the judgment free and clear of any interests of Kopaska or Houser. This timely appeal follows.

On appeal, Kopaska argues three points. First, that the property was protected by the homestead exemption as provided by article 9, section 3 of the Arkansas Constitution; second, that the property was not subject to a judgment lien; and finally, that the circuit court erred by retroactively depriving Kopaska of her homestead exemption. We do not find merit in her arguments.

Our appellate courts review probate proceedings de novo on the record, but we will not reverse the decision of the circuit court unless it is clearly erroneous. *Combs v. Stewart*, 374 Ark. 409, 411–12, 288 S.W.3d 574, 575–76 (2008). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.* Similarly, in deciding matters or issues of law, our standard of review is de novo. *First Nat'l Bank of Izard Cnty. v. Old Republic Nat'l Title Ins. Co.*, 2022 Ark. App. 440, 655 S.W.3d 108 (citations omitted). "De novo review means that the entire case is open for review." *Certain Underwriters at Lloyd's, London v. Bass*, 2015 Ark. 178, at 9, 461 S.W.3d 317, 323.

---

[5]"A judgment in the Supreme Court or circuit courts of this state, and in the United States district courts or United States bankruptcy courts within this state, shall be a lien on the real estate owned by the defendant in the county in which the judgment was rendered from the date of its rendition . . . and the judgment has been filed with the circuit clerk." *See* Ark. Code Ann. § 16-65-117(a)(1)(A).

Before addressing Kopaska's appellate arguments regarding the homestead exemption, we turn first to the circuit court's finding that the transfer of property by quitclaim deed to the Kopaska trust on March 9, 2022 was fraudulent and void. In its December 27, 2022 order, the circuit court found that the deed was void for being a fraudulent transaction pursuant to Arkansas Code Annotated section 4-59-204 (Repl. 2023), which governs fraudulent transfers as to present and future creditors.[6] Having reviewed the record, we are not left with a  definite and firm conviction that a mistake has been made.

Fraud may be established by circumstantial evidence, but the circumstances must be so strong and well connected as to clearly show fraud. *Du Fresne v. Paul*, 144 Ark. 87, 221 S.W. 485 (1920).  Here, defendants Kopaska and Houser transferred the property into a trust--with one defendant, Kopaska, as trustee--less than twenty days before the trial on the merits. The grantors were also both defendants. The grantee was a trust set up by Kopaska with herself as the trustee. Therefore, both grantor and grantee obviously participated in the conveyance and were aware of the pending jury trial beginning only nineteen days later. Moreover, we note that neither Kopaska nor Houser objected to the circuit court's finding

---

[6]Specifically, Ark. Code Ann. § 4-59-204(a)(1) provides:

  (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

  (1) with actual intent to hinder, delay, or defraud any creditor of the debtor[.]

that the transfer was fraudulent or to the circuit court's granting the relief that McNeil sought. Accordingly, the circuit court's finding that the March 9, 2022 transfer was clearly an effort to defraud and hinder collection of any judgment resulting from the trial was not in error.

Further, because the March 9, 2022 quitclaim deed was found to be void and Kopaska and Houser were not married when McNeil's judgment lien attached to their home on May 9, 2022, the homestead exemption is not applicable here. *See Richardson v. Adler*, 46 Ark. 43 (1885) (where a debtor was neither married nor the head of a family at the time an attachment was levied and judgment rendered, it was held that his subsequent marriage could not give him a homestead right that would divest the attachment lien).

Kopaska's appellate arguments that her property was protected by the homestead exemption and that the circuit court "erred by retroactively depriving [her] of her Homestead Exemption" are misplaced. To reiterate, we hold that Kopaska's subsequent marriage on December 21, 2022 does not defeat the May 9, 2022 judgment lien. First, the existence of a family living in a home is necessary for it to be protected by a homestead exemption. *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001). Kopaska and Houser were not married; therefore, the judgment lien against them attached to the property they owned as tenants in common.

Second, the decisive factor that in many cases determines whether a lien will prevail over a claim to a homestead exemption is the relation in time between the creation of the lien and the acquisition of the homestead right by the property owner. *See* 40 Am. Jur. 2d

*Homestead* § 82 (citing *Nationwide Fin. Corp. of Colo. v. Thompson*, 400 So. 2d 559 (Fla. Dist. Ct. App. 1981); *Andrews v. Sec. Nat'l Bank of Wichita Falls*, 50 S.W.2d 253 (Tex. 1932) (mortgage); *Boudreaux Civic Ass'n v. Cox*, 882 S.W.2d 543 (Tex. App. 1994).

Kopaska cites no legal support for her argument that by getting married she can assert a homestead exemption from a judgment lien already existing on her home. We will not consider arguments not supported by convincing argument or citation to authority. *Cullen v. Allstate Ins. Co.*, 2021 Ark. App. 445. The supreme court has stated that the failure to cite legal authority or develop a point legally or factually is sufficient to affirm the circuit court's order. *Williams v. Baptist Health*, 2020 Ark. 150, 598 S.W.3d 487. Because Kopaska's appellate points regarding the homestead exemption have not been developed or supported by legal authority, she provides no grounds for reversal. *See id.* Accordingly, we affirm.

Affirmed.

GLADWIN and WOOD, JJ., agree.

*Nathan W. Reggish*, for appellant.

*Harry McDermott* and *Elizabeth Finocchi*, for appellee.